```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
RISEANDSHINE CORPORATION,                                     :
                                    Plaintiff,                :     21 Civ. 6324 (LGS)
                                                              :
                    -against-                                 :            ORDER
                                                              :
PEPSICO INC.,                                                 :
                                    Defendant.                :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 26, 2021, Plaintiff filed a motion for preliminary injunction (the "Motion").  (Dkt. No. 81.)  On August 10, 2021, Defendant filed an opposition, including two expert reports, and requested an evidentiary hearing.  (Dkt. Nos. 103-108.)  On August 25, 2021, Plaintiff filed a reply.  (Dkt. No. 112.)

WHEREAS, on September 9, 2021, the Court held a hearing on the Motion.

WHEREAS, on October 8, 2021, following Defendant's renewed request, the Court held an evidentiary hearing on the Motion.

WHEREAS, on November 4, 2021, the Court issued an Amended Opinion and Order (the "Opinion"), granting the Motion.  (Dkt. No. 149.)  The Opinion held that Plaintiff is entitled to a preliminary injunction because Plaintiff demonstrated irreparable harm, a likelihood of success on the merits of the federal trademark claim, that the balance of hardships tips in Plaintiff's favor and that the public interest weighs in favor of granting the injunction.

WHEREAS, on November 4, 2021, Defendant filed a motion for an emergency stay of the preliminary injunction pending appeal, or in the alternative, for eleven weeks "to allow PepsiCo to transition away from MTN DEW RISE ENERGY with minimized costs and disruption."  (Dkt. No. 151 at 1.)  The same day, Defendant filed a notice of interlocutory appeal.  (Dkt. No. 153.)

WHEREAS, under Federal Rule of Civil Procedure 62(c), "[u]nless the court orders otherwise" a preliminary injunction is not stayed after being entered, "even if an appeal is taken." Fed. R. Civ. P. 62(c).[1]  The factors relevant to the issuance of such a stay include "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009); *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (applying factors in motion for stay pending appeal of a preliminary injunction).  "[A] stay is not a matter of right, even if irreparable injury might otherwise result; rather, a stay is an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion."  *New York*, 974 F.3d at 214 (internal quotation marks omitted); *accord JLM Couture, Inc. v. Gutman*, No. 20 Civ. 10575, 2021 WL 2227205, at *7 (S.D.N.Y. June 2, 2021) (applying factors and denying stay of preliminary injunction where the plaintiff "failed to demonstrate that reconsideration is warranted based on clear error or that the restrictions of the Preliminary Injunction Order work manifest injustice").  It is hereby

**ORDERED** that Defendant's motion for an emergency stay of the preliminary injunction is **DENIED**.  For the reasons discussed in the November 4, 2021, Opinion, Defendant has not made a strong showing of likelihood of success on the merits; Defendant has not shown irreparable injury

---

[1] This Court retains jurisdiction over the motion to stay the preliminary injunction under Federal Rule of Civil Procedure 62, which "grants the district court specific authority to 'suspend, modify, restore, or grant an injunction during the pendency of the appeal.'" *New York v. United States Dep't of Homeland Sec.*, 974 F.3d 210, 215 (2d Cir. 2020) (citing *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. E. Air Lines, Inc.*, 847 F.2d 1014, 1018 (2d Cir. 1988)).

absent a stay; any stay would substantially injure Plaintiff as it would allow Defendant to continue to saturate the market with its product pending appeal; and the public interest favors protecting Plaintiff's registered mark.  In addition, to the extent that Defendant claims the preliminary injunction will harm retailers because it will "force[]" retailers "to stop their sales of a successful product," (Dkt. No. 152 at 19), it should be noted that the injunction does not apply to Defendant's product already in the control of "third-party retailers over whom Defendant has no control." (Dkt. No. 149 at 23.)  It is further

**ORDERED** that Defendant's motion to redact portions of Dkt. No. 150 in support of its application to stay is **GRANTED**.

The Clerk of Court is respectfully directed to close the motion at Docket Nos. 150 and 151.

Dated: November 5, 2021
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**