IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RISEANDSHINE CORPORATION d/b/a RISE BREWING

Plaintiff,

vs.

PEPSICO, INC.

Defendant.

CASE NO.: 1:21-cv-06324-LGS

Honorable Lorna Schofield

JURY TRIAL DEMANDED

**~~[PROPOSED]~~ PROTECTIVE ORDER**

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby agreed, by and between the parties hereto (collectively, the "Parties" and each individually, a "Party") and their respective counsel, that certain documents and information requested by the parties in oral and written discovery in this action may contain confidential and other proprietary information that should be protected from disclosure.

WHEREAS, the Parties request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties acknowledge that this Protective Order does not create entitlement to file confidential information under seal and that documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3;

WHEREAS, the Parties further acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed, or designated as confidential; and

Accordingly, for good cause shown, the Parties request the Court enter this Proposed Protective Order, the terms of which shall govern the production of certain documents and information in this case by either the Parties and/or any non-party.

1. Due to the nature of this case and the sensitive, proprietary information that will be requested through discovery, the Parties agree that certain documents and information produced in response to requests for production, interrogatories, and/or requests for admission, as well as testimony may be marked CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY as follows: (a) in the case of documents, by stamping each page of the document with the word CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY; (b) in the case of interrogatory answers, or responses to requests for admission, by stamping the confidential portion with the word CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY; and, (c) in the case of testimony, by having the pages of the transcript that contain confidential information stamped CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY and binding those pages separately. All confidentiality designations must be made in a manner that will not interfere with legibility or audibility of the designated material. Any copies that are made of any documents marked CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY shall also be so marked.

2. Information is properly marked CONFIDENTIAL if it contains business information a Party maintains as confidential or the dissemination of which could be detrimental

to a Party; private personal information; income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; personnel or employment records of a person who is not a Party to the case; or information which the producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure and applicable law. Information that the Parties designate as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY shall be used only for purposes of the present matter. Under no circumstances may a Party other than the producing Party use any information designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY for any business, competitive, or non-litigation purpose, or for a litigation purpose that is outside of this matter. Nothing contained in this Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

3. Information designated as CONFIDENTIAL may be disclosed only to the following:

a. outside counsel representing or advising the Parties in this litigation (whether or not counsel of record);

b. employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

c. in-house counsel for each Party who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting

outside counsel in the litigation of this Action and are not involved in trademark prosecution and/or have competitive business decision authority;

d. subject to the restrictions and requirements of Paragraph 6 below, any experts or consultants retained by either Party and their staff (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (i) such consultants or experts are not presently employed by a Party hereto for purposes other than this Action; (ii) before access is given, the consultant or expert has completed the Acknowledgement Agreement attached as Exhibit A hereto;

e. the author or prior recipient(s) of the designated document;

f. any court reporter, typist, or videographer recording or transcribing testimony or argument in this action;

g. clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or graphics personnel, retained to assist a Party or its counsel;

h. the Court and any Court staff assisting with the case;

i. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed an Acknowledgement Agreement in the form annexed as Exhibit A hereto;

j. employees of the Parties to this action but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the prosecution or defense of this action; and

k. the Parties' insurers and counsel to the Parties' insurers provided such person has first executed an Acknowledgement Agreement in the form annexed as Exhibit A hereto.

4. Due to the highly confidential and sensitive, proprietary nature of certain information requested through discovery, the Parties further agree that the producing Party may designate documents produced in response to requests for production, interrogatories, and/or requests for admission, as well as testimony as ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY. Information is properly marked ATTORNEYS' EYES ONLY under this Protective Order if it consists of sensitive technical, marketing, financial, sales, or other confidential business information and/or other similar information that is of such a sensitive nature that the risks associated with its dissemination cannot adequately be covered by the protections afforded to information marked CONFIDENTIAL. Information is properly marked OUTSIDE ATTORNEYS' EYES ONLY under this Protective Order if it consists of unreported financial data, trade secrets, strategic plans and/or other similar information that is of such a sensitive nature that the risks associated with its dissemination cannot adequately be covered by the protections afforded to information marked ATTORNEYS' EYES ONLY. Such material may be designated ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY by labeling documents in the same manner described above in Paragraph 1. Information designated ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY shall be afforded all protections given to information designated as CONFIDENTIAL. In addition, information designated ATTORNEYS' EYES ONLY may only be shown, provided, or disclosed to individuals specified in Paragraph 3(a)-(i), while information designated OUTSIDE

ATTORNEYS' EYES ONLY may only be shown, provided, or disclosed to individuals specified in Paragraph 3(a)-(b) and 3(d)-(i).

5. In addition to the foregoing, during a deposition, information designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the person is the Producing Party, or is a director, officer, employee, consultant, or agent of the Producing Party.

6. A Receiving Party may not disclose CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY information to a proposed expert who is employed by a competitor or who intends to seek employment by a competitor of either Party without first providing to the Producing Party a signed copy of the Acknowledgement Agreement in the form annexed as Exhibit A, the resume or curriculum vitae of the proposed expert, the expert's business affiliation, and any current and past expert or consulting relationships in the industry. The Producing Party will thereafter have seven (7) business days from receipt of the Non-Disclosure Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within seven (7) business days constitutes approval. If the Parties are unable to resolve any objection, the Receiving Party may file a motion to resolve the matter.

There will be no disclosure to any proposed individual during the seven (7) business day objection period, unless that period is waived by the Producing Party, or if any objection is made, until the Parties have resolved the objection, or the Court has ruled upon any resultant motion.

7. Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as OUTSIDE ATTORNEYS' EYES ONLY until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any Party or the witness. Within this time period, a Party may serve a Notice of Designation to all Parties of record as to specific portions of the testimony that are designated CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

8. If at any time before the trial of this action a Producing Party determines that it should have designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY some portion(s) of discovery material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the discovery material as either CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY according to the Producing Party's designation. In addition, the Producing Party shall provide each other Party with replacement versions of such discovery material that bears the CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY designation within five business days of providing such notice. In the event that a Producing Party identifies an inadvertently undesignated document due to the use

of the document at a deposition by a Party who has received the document ("Receiving Party"), the Receiving Party may use the document to complete the deposition, but the witness is prohibited from retaining any copies of the confidential information.

9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule I.D.3 of this Court's Individual Rules and Procedures for Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers pursuant to that Rule. All persons producing CONFIDENTIAL, ATTORNEYS' EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY information are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any documents submitted to the Court or presented in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material.

11. Either Party may object to the designation of information as CONFIDENTIAL, ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY. When a Party so objects, its counsel shall either notify counsel for the designating Party in writing, or, in the case of live testimony, by stating that objection on the record. Counsel for the Parties shall then confer in good faith in an attempt to resolve the issue. If the Parties are unable to agree promptly,

counsel for all affected Parties will address their dispute to this Court in accordance with Section III.C.3 of this Court's Individual Rules and Procedures for Civil Cases.

12. A Party may be requested to produce discovery material that is subject to contractual or other obligations of confidentiality owed to a third party. Within 15 days of receiving the request, the Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the Party receiving the request seeks a protective order or other relief from this Court within 21 days of that notice, the Party receiving the request shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

13. If counsel determines it necessary for the prosecution or defense of this action that information designated either as CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY should be disclosed to a witness or other person other than as provided by in this Protective Order, counsel must first contact opposing counsel and request written permission to make such disclosure. If written permission is given, the witness receiving the confidential information shall not retain a copy of the confidential information. If written permission is not given, counsel for the Party seeking disclosure shall follow the procedure laid out in Paragraph 11 above or shall seek relief from the Court.

14. If counsel determines it necessary to use any document or testimony deemed CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY at the hearing of this matter, nothing in this Order shall be construed as limiting or restricting such use. Moreover, nothing in this Order shall be construed as imposing restrictions on the Court's use of CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS' EYES

ONLY information that has been filed with the Court, as the Parties are without authority to impose any obligations on the Court.

15. Sixty (60) calendar days after the conclusion of all proceedings in this matter, including any appeals, all originals or copies of documents, deposition transcripts, or other information identified by any Party as CONFIDENTIAL, ATTORNEYS EYES ONLY or OUTSIDE ATTORNEYS' EYES ONLY shall be returned to counsel for the designating Party. This provision applies to documents and information in paper or electronic format. Alternatively, any receiving Party may, at its option and cost, destroy such materials in a secure manner that ensures confidentiality and renders the information no longer recognizable. If a Party chooses to securely destroy documents, the destroying Party must certify the destruction of the documents in writing to counsel for the producing Party within a reasonable time after such destruction upon request.

16. Notwithstanding the provisions of Paragraph 15, outside counsel of record may retain (in paper or electronic format) any documents designated as CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY as well as any documents, databases, pleadings, deposition transcripts, work papers, or other work product that contain or refer to such documents. Any documents retained by outside counsel are to be maintained for archival purposes only and counsel's obligations of confidentiality continue until the documents are permanently destroyed.

17. Nothing in this Order shall limit the use of information designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY by the designating Party. However, the intentional public disclosure of information designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or OUTSIDE ATTORNEYS EYES ONLY by

the designating Party shall be deemed a waiver of the protections and obligations contained within this Protective Order.

18. Any inadvertent failure to assert confidentiality shall not preclude a Party from designating any documents or testimony pursuant to this Protective Order, in which event the items subject to such designation shall thereafter be treated according to the designation given. The producing Party shall notify the other Party of such designation in writing. In the event that a producing Party identifies an inadvertently undesignated document due to the receiving Party's use of the document at a deposition, the Receiving Party may use the document to complete the deposition, subject to the provisions of Section 8 above prohibiting the witness' ability to retain a copy of the confidential information.

19. If a Receiving Party is served with a lawful subpoena or other compulsory process that would compel disclosure of any CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information designated by the Producing Party, or is otherwise required to produce any such information by law or by any government agency having jurisdiction, the Receiving Party must so notify the Producing Party, in writing, immediately and in no event more than three business days after receiving the subpoena or demand. Such notification must include a copy of the subpoena or demand. The Receiving Party also must immediately inform in writing the party who caused the subpoena or demand to issue that some or all of the material covered by the subpoena or demand is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party that caused the subpoena or demand to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE

ATTORNEYS' EYES ONLY information in the court, agency, or other forum from which the subpoena or demand issued. The Producing Party shall bear the burden and the expense of seeking protection in that court, agency, or other forum of its CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information. The obligations set forth in this paragraph remain in effect while the Receiving Party has in its possession, custody, or control information designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY by the other Party to this case.

20. In the event that a Party seeks discovery from a non-party to this matter, the non-party may invoke the terms of this Protective Order with respect to the designation of any confidential information provided to the Parties by so advising the Parties to this matter in writing and agreeing in writing to abide by the terms of this Protective Order to the extent applicable.

21. Until such time as this Protective Order has been entered by the Court, the Parties agree that, upon execution by all of the Parties, it will be treated as though it has been "So Ordered" and the Parties will abide by its terms.

22. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

(a) was, is, or becomes public knowledge, not in violation of this Protective Order;

(b) is acquired by the non-designating Party from a third party having the right to disclose such information or material; or

(c) was lawfully possessed by the non-designating Party prior to the entry by the Court of this Order.

23. Nothing in this Protective Order shall bar or otherwise restrict the Parties' respective trial attorneys or in-house attorneys from rendering advice to his or her client with respect to the above captioned matter and, in the course thereof, referring to or relying in a general manner upon his or her examination of information, documents and things designated as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY that he or she is permitted to see under this order and produced or disclosed hereunder; provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the contents of CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY documents or information produced or disclosed by another Party in this matter where such production or disclosure would be contrary to the terms of this Protective Order.

24. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom CONFIDENTIAL, ATTORNEYS' EYES ONLY, or OUTSIDE ATTORNEYS' EYES ONLY information is produced or disclosed.

25. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions. The parties are further directed to follow the Court's Individual Rule I.D.3 regarding motions for approval of sealed or redacted filings.

SO STIPULATED AND AGREED.

| | |
|---|---|
| */s/ Paul Tanck* | */s/ Dale Cendali* |
| Paul Tanck, *Counsel for Plaintiff* | Dale Cendali, *Counsel for Defendant* |
| Dated: December 9, 2021 | Dated: December 9, 2021 |

So Ordered.

Dated: December 10, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AGREEMENT**

I, _______________________________, certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Agreed Protective Order ("Protective Order"), dated _______________, 2021, in *Riseandshine Corporation d/b/a Rise Brewing v. PepsiCo, Inc..*, Case No. 1:21-cv-06324-LGS, and that I have been given a copy of and have read that Protective Order and agree to be bound by it and submit to the jurisdiction of the United States District Court for the Southern District of New York in connection with such Protective Order. I understand that all such Confidential Information and copies thereof shall be maintained in a secure manner, shall be used for no purpose beyond the aforementioned litigation, and shall be returned no later than sixty (60) days after the termination of this lawsuit to the counsel for the Party or person who provided such Confidential Information unless said Party or person in writing authorizes destruction of the documents in question in lieu of return. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATE: _______________ ____________________________________

Signature