# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Diana Torres<br>To Call Writer Directly:<br>+1 213 680 8338<br>diana.torres@kirkland.com | 2049 Century Park East<br>Los Angeles, CA 90067<br>United States<br>+1 310 552 4200<br>www.kirkland.com | Facsimile:<br>+1 310 552 5900 |

February 19, 2022                                                           VIA CM/ECF

Re: *RiseandShine Corp. v. PepsiCo, Inc.* (No. 1:21 Civ. 06324)

Dear Judge Schofield:

Pursuant to Section I.D.3 of the Court's Individual Rules and Procedures for Civil Cases ("Individual Rules"), Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this letter motion to file under seal the Declaration of Diana Torres and exhibits attached thereto. The Declaration describes relevant excerpts from the exhibits, which are confidential, commercially sensitive internal PepsiCo documents that have been designated as confidential material under the Protective Order in this case. The particular reasons for seeking to file the exhibits under seal, and accordingly the Declaration describing them, are set forth below.

**Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's protection of judicial documents on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification:** The exhibits to the Declaration are internal PepsiCo documents reflecting sensitive business information, including internal non-public design and branding development and internal strategy, all created within the past two years. Disclosure would allow competitors access to PepsiCo's internal design ideas, branding ideas, confidential research, and internal strategies, which may harm PepsiCo's ability to compete in the future. Courts recognize that these types of materials are appropriately maintained under seal. *See, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information related to testing, qualitative market research, and research and development for new products); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting that "material concerning the defendants' marketing strategies [and] product development" were "highly proprietary" and could "remain under seal"). Specifically:

1. Exhibit A to the Declaration is an internal PepsiCo document reflecting PepsiCo's

confidential market research, potential name ideas, and strategies for expanding its energy portfolio.

2. Exhibits B, C, and E are internal PepsiCo documents reflecting confidential internal design work, confidential potential name ideas that have not been publicly used and strategic discussions about those name options, and confidential market research related to PepsiCo's strategic internal development of the energy drink that eventually became MTN DEW RISE ENERGY.

3. Exhibits D, F, G, H, and I are internal PepsiCo documents in July 2020 reflecting PepsiCo's confidential internal strategic objectives and confidential concepts and designs created and considered during several rounds of internal design work that have not been publicly used for the energy drink that eventually became MTN DEW RISE ENERGY.  Exhibit I also reflects internal confidential flavor ideas that were not the final flavors that went to market.

4. Exhibit J is an internal PepsiCo email reflecting highly sensitive and confidential marketing strategies and revenue targets to be communicated in materials for the board of directors.

5. Exhibit K is a series of internal text messages related to confidential marketing strategies exchanged between Greg Lyons, the Chief Marketing Officer for PepsiCo Beverages North America, and Fabiola Torres, PepsiCo's Chief Marketing Officer, Senior Vice President of Energy Category.

6. Exhibit L is the Trademark Search Report generated at PepsiCo's direction in connection with the MTN DEW RISE ENERGY mark.  While the cited marks therein are not confidential, the report reflects confidential PepsiCo strategies related to trademark review.

Because of the commercially sensitive nature of the exhibits, PepsiCo respectfully requests that the exhibits and the Declaration describing them be filed under seal.  A list of counsel who should be granted access to the sealed material is listed in Appendix 1.  PepsiCo has served the Declaration and exhibits on Plaintiff's counsel via ECF contemporaneously with this filing.

Sincerely

/Diana M. Torres/

Diana M. Torres

Defendant's sealing application is **GRANTED** for substantially the reasons stated in Defendant's letter. The materials at Dkt. No. 189, including Defendant's exhibits, shall remain under seal with access limited to the parties listed in the Appendix 1.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 188.

Dated:  March 1, 2022
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**Appendix 1: List of Parties and Counsel**

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation, *doing business as* Rise Brewing**

    Jason Demian Rosenberg
    Emily Chambers Welch
    Holly Hawkins Saporito
    Lauren R. Timmons
    Neal Joseph McLaughlin
    Paul J. Tanck

**Counsel for Defendant PepsiCo, Inc.**

    Dale Margaret Cendali
    Diana Torres
    Lauren Schweitzer
    Maria Monica Beltran
    Paul J. Reilly
    Timothy S. Durst
    Paul J. Reilly
    Susan Cannon Kennedy