```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
 RISEANDSHINE CORPORATION d/b/a              :
 RISE BREWING,                               :
                              Plaintiff,     :        21 Civ. 6324 (LGS)
                                             :
               -against-                     :        ORDER
 PEPSICO, INC.,                              :
                              Defendant.     :
                                             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

     WHEREAS, on March 1, 2022, the parties filed a thirty-page joint letter raising certain discovery disputes. (Dkt. No. 196.) It is hereby

     **ORDERED** that, for substantially the reasons stated by Defendant, Defendant's request for production of certain categories of text messages is **GRANTED**. Plaintiff shall produce relevant, non-privileged text messages of its six document custodians related to (1) actual confusion caused by Defendant's use of the Mtn Dew RISE mark, (2) Mtn Dew Rise Energy or PepsiCo, including text messages concerning potential investors, Plaintiff's "RISE" trademarks, or third-party commercial uses of the word "rise" and (3) the conception, selection and adoption of Plaintiff's "RISE" trademarks, including third-party commercial uses of the word "rise." It is further

     **ORDERED** that Defendant's request for documents concerning Plaintiff's "Organic" and "Vanilla" labeling is **GRANTED in part**. As part of its preliminary injunction motion, Plaintiff argued that its reputation would be harmed by Defendant's continued use of the RISE mark because Plaintiff's products are marketed as being made with organic ingredients. Defendant is therefore entitled to seek discovery related to consumers' perceiving and valuing that attribute of Plaintiff's products. But to the extent that Defendant seeks documents to

validate, support or refute that "each and every ingredient in each of its Products are 'organic,' including but not limited to any certifications," Defendant's requests are overbroad. By **March 17, 2022**, Plaintiff shall produce documents pertaining to customer perception or appreciation that Plaintiff's products contain organic ingredients. It is further

**ORDERED** that Defendant's request for documents showing Plaintiff's funding of this litigation is **DENIED**. Defendant has not established that such discovery is "relevant to any party's claims or defense." Fed. R. Civ. P. 26(b)(1). It is further

**ORDERED** that, by **March 10, 2022**, Plaintiff shall produce its privilege log. The parties shall exchange updated privilege logs within two weeks of any subsequent production. It is further

**ORDERED** that, for substantially the reasons stated by Defendant, Defendant's request for each side to take up to fourteen depositions is **GRANTED**. The fourteen-deposition limit shall be inclusive of any expert, Rule 30(b)(6) or third-party depositions. If any party intends to rely on more than two experts at trial, the opposing party may request leave to depose additional witnesses. It is further

**ORDERED** that Defendant's request to extend discovery by seven weeks is **DENIED** without prejudice to renewal. By **March 14, 2022**, the parties shall file a joint status letter apprising the Court of the status of additional productions and providing dates certain for all remaining depositions. At that time, either party may raise a renewed request for an extension of the discovery schedule. It is further

**ORDERED** that Plaintiff's request for documents related to Defendant's distribution contracts is **GRANTED in part**. By **March 10, 2022**, Defendant shall produce the identified direct store delivery contract between Defendant and The Kroger Co. It is further

**ORDERED** that Plaintiff's request for Defendant to answer certain interrogatories is **GRANTED in part**. Local Rule 33.3 limits interrogatories at the commencement of discovery to those "seeking the names of witnesses with knowledge of information relevant to the subject matter of the action." The Court finds that Plaintiff's request for the names of individuals who attended the meetings with or regarding Plaintiff on or around September 20, 2017, May 10, 2018, January 24, 2019, and April 30, 2019, meets Local Rule 33.3's standard. Plaintiff's remaining interrogatory, which seeks "each Person at PepsiCo with knowledge of Rise Brewing arising from their work at or for PepsiCo prior to receipt by PepsiCo of the January 11, 2021, correspondence from Luisa Bonachea to Paul A. Lee" is unduly burdensome and not appropriately tailored to Local Rule 33.3's apparent intent. By **March 10, 2022**, Defendant shall identify any of its current or former employees who attended, or were consulted or informed about, the meetings with or regarding Plaintiff on or around September 20, 2017, May 10, 2018, January 24, 2019, and April 30, 2019. It is further

**ORDERED** that Plaintiff's request for documents responsive to Request Nos. 21, 49, and 51 is **GRANTED in part**. By **March 17, 2022**, Defendant shall produce all responsive, non-privileged documents related to Defendant's injunction-related harm, including any lost Super Bowl contracts and/or lost sponsorship(s) and documents sufficient to show Defendant's overall advertising and marketing spend related to Mtn Dew Rise Energy.

Dated: March 3, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE