UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RISEANDSHINE CORPORATION,

                Plaintiff,

-v-

PEPSICO INC.,

                Defendant.

CIVIL ACTION NO.: 21 Civ. 6324 (LGS) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is the letter-motion of Defendant PepsiCo, Inc. ("Pepsi") requesting a pre-motion conference to discuss its anticipated motion to increase from $250,000 to $7 million the amount of the bond Plaintiff RiseandShine Corporation ("RiseandShine") must post in this action (the "Bond") pursuant to Federal Rule of Civil Procedure 65(c). (ECF No. 212 (the "Motion")). RiseandShine opposes the Motion and any increase in the Bond. (ECF No. 217). For the reasons set forth below, the Motion is DENIED.

## II. BACKGROUND

The factual background and procedural history of this action are set forth in the Amended Opinion and Order dated November 4, 2021 issued by the Honorable Lorna G. Schofield, and are incorporated by reference. RiseandShine Corp. v. PepsiCo, Inc., No. 21 Civ. 6324 (LGS), 2021 WL 5173862, at *1–4 (S.D.N.Y. Nov. 4, 2021). (See ECF No. 149 (the "PI Order")).[1] In brief, the PI

---

[1] On November 3, 2021, Judge Schofield issued an opinion and order that was stricken and replaced by the PI Order. (See ECF No. 148).

Order granted RiseandShine's motion for a preliminary injunction that, subject to certain exceptions, restrains Pepsi from using the mark "MTN DEW RISE ENERGY" (the "Challenged Mark") "in connection with the promotion, sale or distribution of single-use, canned energy beverages." RiseandShine, 2021 WL 5173862, at *11–12. (See ECF No. 149 at 22–23). The PI Order also, inter alia, required RiseandShine to post the Bond. RiseandShine, 2021 WL 5173862, at *12. (See ECF No. 149 at 23). On November 5, 2021, RiseandShine posted the Bond. (ECF min. entry Nov. 5, 2021).

Pepsi immediately appealed the PI Order to the United States Court of Appeals for the Second Circuit. (ECF No. 153; see Notice of Appeal, RiseandShine Corp. v. PepsiCo, Inc., No. 21-2786 (2d Cir. Nov. 5, 2021), ECF No. 1). On November 9, 2021, the Second Circuit granted an administrative stay of the PI Order until it could be considered by a three-judge motions panel, which, on December 7, 2021, vacated the temporary stay and denied Pepsi's request for a stay, but granted Pepsi's request to expedite the appeal. (No. 21-2786 (2d Cir.) ECF Nos. 31, 76)).

On March 25, 2022, Pepsi filed the Motion, arguing that the Court should increase the amount of the Bond because $250,000 "is materially insufficient to cover PepsiCo's actual losses incurred due to the injunction" and claiming RiseandShine is able to pay the larger amount. (ECF No. 212 at 1). On March 30, 2022, RiseandShine opposed the Motion, arguing that the Court lacks jurisdiction to change the Bond while Pepsi's appeal of the PI Order is pending, and disputing that any increase is necessary, appropriate, or feasible. (ECF No. 217).

### III. DISCUSSION

#### A. Legal Standard

The Supreme Court has explained that "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). When the appeal is from a preliminary injunction order, however, "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1350 (2d Cir. 1989); see Motorola Credit Corp. v. Uzan, 388 F.3d 39, 53 (2d Cir. 2015) (quoting Griggs and Terry). Thus, the merits of the proceeding may continue in the district court during the appeal, and "the district court retains jurisdiction to issue a permanent injunction during an appeal from an order granting or denying a preliminary injunction." United States v. Zedner, 555 F.3d 68, 83 (2d Cir. 2008). The district court's issuance of a permanent injunction to replace the preliminary injunction renders the appeal of the preliminary injunction moot. See Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc., 527 U.S. 308, 314 (1999) ("Generally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction because the former merges into the latter."); Broker Genius Inc. v. Seat Scouts LLC, No. 17 Civ. 8627 (SHS), 2019 WL 452050, at *2 (S.D.N.Y. Feb. 5, 2019) (collecting cases).

#### B. Application

Because Judge Schofield has not yet issued a permanent injunction, Pepsi's appeal of the PI Order is not moot, and the Court "remains divested of jurisdiction over 'the questions raised

3

and decided in the order that is on appeal.'" Broker Genius, 2019 WL 452050, at *2 (quoting Terry, 886 F.2d at 1350). "The question, therefore, is whether the appropriate amount of the bond is a question 'raised and decided in the order that is on appeal.'" Id. (quoting Terry, 886 F.2d at 1350).

In its notice of appeal, Pepsi states that it is appealing from the PI Order. (ECF No. 153 at 1). As noted above, in the PI Order, Judge Schofield set at $250,000 the Bond that RiseandShine was required to post under Rule 65(c). RiseandShine, 2021 WL 5173862, at *12. (See ECF No. 149 at 23). In addition, the transcript of the evidentiary hearing on RiseandShine's motion for a preliminary injunction reflects that the amount of the Bond was a contested issue, with Pepsi arguing that RiseandShine should be required to post "at least a $30 million bond," a position that Judge Schofield declined to adopt in setting the amount at $250,000. (ECF No. 160 at 157). Therefore, the amount of the Bond was one of the questions raised and decided in the PI Order, and while Pepsi's appeal to the Second Circuit is pending, "this Court does not have jurisdiction to change the amount of the bond." Broker Genius, 2019 WL 452050, at *3.

A review of Pepsi's appellate brief to the Second Circuit reaffirms this conclusion. (Brief for Defendant-Appellate, RiseandShine Corp. v. PepsiCo, No. 21-2786 (2d Cir. Mar. 14, 2022), ECF No. 147)). Among Pepsi's arguments on appeal is its assertion that Judge Schofield erred in "set[ting] a mere $250,000 bond (notwithstanding PepsiCo's evidence that its compliance costs would be millions of dollars higher)." (Id. at 18; see id. at 33, 73).

Accordingly, because Pepsi's appeal from the PI Order, which decided the amount of the Bond, is currently pending before the Second Circuit, the Court does not have jurisdiction to increase the amount of the Bond at this time.

4

## IV. CONCLUSION

For the reasons set forth above, Pepsi's Motion is DENIED. The Clerk of the Court is respectfully directed to close ECF Nos. 212 and 213.

Dated:    New York, New York
          April 14, 2022

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge
