UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RISEANDSHINE CORPORATION,

                        Plaintiff,

-v-

PEPSICO INC.,

                        Defendant.

CIVIL ACTION NO.: 21 Civ. 6324 (LGS) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the parties' joint letter regarding, inter alia, the parties' disputes concerning the topics for their Fed. R. Civ. P. 30(b)(6) witness depositions. (ECF No. 210 at 6–8; see ECF Nos. 210-1; 210-2). Having reviewed the parties' respective Rule 30(b)(6) requests and objections, the Court orders as follows:[1]

1. Requests by Plaintiff RiseandShine Co. ("RiseandShine") to Defendant PepsiCo, Inc. ("Pepsi"):

   a. Topics 18, 19, and 20. Given the Court's Order that Pepsi produce Ryan Collis for a two-hour deposition (ECF No. 214 (the "Mar. 28 Order") at 1), the Court overrules Pepsi's blanket objection to producing any witness concerning Topics 18 and 19, and ORDERS Pepsi to produce a witness, whether Ryan Collis or another witness pursuant to Rule 30(b)(6), to testify as to these three topics, modified as follows:

---

[1] The Court incorporates by reference the defined terms in the parties' requests and objections. (ECF Nos. 210-1; 210-2).

   i. <u>Topic 18</u>: Information concerning sales, gross profit, and net profit for all products Pepsi has sold under the STARBUCKS NITRO marks in total since inception.

   ii. <u>Topic 19</u>: Your understanding of any competitors to the STARBUCKS NITRO products or other sellers of nitro coffee products.

   iii. <u>Topic 20</u>: Your understanding of the placement of MTN DEW RISE ENERGY and STARBUCKS NITRO products in stores.

 b. <u>Request 2</u>. Given the Mar. 28 Order, the Court overrules Pepsi's blanket objection, and ORDERS Pepsi to produce documents responsive to Request 2, modified as follows:

   i. Documents sufficient to show market share of STARBUCKS NITRO products by year.

2. <u>Requests by Pepsi to RiseandShine</u>

 a. <u>Topic 12</u>. RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 12, modified as follows: "To the extent not protected by attorney-client privilege, RiseandShine's due diligence prior to seeking clearance of RiseandShine's Marks for use and registration in the United States, including but not limited to clearance reports, clearance opinions, trademark searches, trademark search reports, and final agreements with or consents from any third parties."

 b. <u>Topic 17</u>. RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 17, modified as follows: "The mark 'DIET COKE RISE,'

including RiseandShine's knowledge of the mark, communications with The Coca-Cola Company about the mark, and, to the extent not protected by the attorney-client privilege, RiseandShine's decision not to file an opposition to The Coca-Cola Company's notice of intent to use the mark."

c. <u>Topic 20</u>.  RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 20, modified as follows: "To the extent not protected by attorney-client privilege, offers by RiseandShine or anyone acting at its direction to acquire any trademark right in a mark containing the word 'Rise.'"

d. <u>Topic 62</u>.  RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 62, modified as follows: "To the extent not protected by attorney-client privilege, RiseandShine's monitoring and enforcement of RiseandShine's Marks in the United States, including but not limited to (a) any opposition, cancellation, or other legal proceedings that RiseandShine has filed; (b) any cease and desist notices that RiseandShine has sent regarding the Marks; (c) RiseandShine's knowledge of any third party's use or registration of a mark containing 'rise' with respect to a nitro coffee product; and (d) RiseandShine's investigation of the use or registration referenced in (c)."

e. <u>Topic 63</u>.  RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 63, modified as follows: "RiseandShine's offer to Pepsi to license RiseandShine's Marks, and any final agreements, assignments, or licenses between RiseandShine and any third party concerning the right to use any of RiseandShine's Marks."

f. <u>Topic 64</u>.  RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 64, modified as follows: "RiseandShine's knowledge of a claim by any third party that RiseandShine's Marks infringe on the third party's marks."

g. <u>Topic 65</u>.  RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 65, modified as follows:  "Final agreements and communications with Rise Biscuits Donuts, LLC, Rise Franchising LLC, and Rise Holdings LLC concerning RiseandShine's Marks."

h. <u>Topic 66</u>.  RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 66, modified as follows: "Final agreements and communications with Rise Up Coffee, LLC concerning RiseandShine's Marks."

i. <u>Topic 67</u>.  The Court finds that Pepsi has not shown that any actual or potential litigation funding arrangements by RiseandShine is "'relevant to any party's claims or defense,'" and therefore, RiseandShine is not required to produce a Rule 30(b)(6) witness on that topic.  <u>Benitez v. Lopez</u>, No. 17-CV-3827-SJ-SJB, 2019 WL 1578167, at *1 (E.D.N.Y. Mar. 14, 2019) (quoting Fed. R. Civ. P. 26(b)(1) and denying request for discovery concerning Plaintiff's litigation funding arrangements).  RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 67, modified as follows:  "RiseandShine's communications with actual or potential investors concerning RiseandShine's RISE-branded products (as defined in the First Amended Complaint)."

4

j. <u>Topic 71</u>. RiseandShine is ORDERED to produce a Rule 30(b)(6) witness to testify regarding Topic 71, modified as follows: "RiseandShine's efforts to obtain investments, investors, and funding from 2017 to the present concerning RISE-branded products (as defined in the First Amended Complaint)."

Dated:   New York, New York
         April 14, 2022

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

5