**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Lauren Schweitzer<br>To Call Writer Directly:<br>+1 213 680 8252<br>lauren.schweitzer@kirkland.com | 555 South Flower Street<br>Los Angeles, CA 90071<br>+1 3213 680 8400<br>www.kirkland.com | Dated: May 5, 2022<br>New York, New York |

> Defendant's application for a stay is **GRANTED** pending the Court's ruling on Defendant's objections.
>
> _[signature]_
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

May 3, 2022

**VIA CM/ECF**

Re:   *RiseandShine Corp. v. PepsiCo, Inc.*, 1:21-cv-6324-LGS-SLC

Dear Judge Schofield and Judge Cave:

Pursuant to the Court's Individual Rules and Procedures for Civil Cases, Defendant PepsiCo, Inc. ("PepsiCo") submits this request for a pre-motion conference on its motion to stay enforcement of the Court's April 14, 2022 Order to produce a Rule[1] 30(b)(6) witness on certain topics relating to Starbucks Nitro Cold Brew ("Starbucks Nitro") (ECF 221). A stay is necessary to allow PepsiCo the right to raise its already-filed Objection to that Order with Judge Schofield—indeed, without a stay, plaintiff RiseandShine Corp., d/b/a Rise Brewing Company ("RBC") will seek to hold PepsiCo in contempt and thereby obtain disclosure of the highly sensitive information that PepsiCo believes is both irrelevant and non-discoverable, before Judge Schofield has the opportunity to address the issue in PepsiCo's pending Objection to the April 14, 2022 Order. Relatedly, because of the interconnected nature of the Court's April 14, 2022 Order (*id.*) and its March 28, 2022 Order to produce Ryan Collis for a 2-hour deposition (ECF 214), PepsiCo asks for a stay of that Order as well. PepsiCo asked RBC to consent to this stay. RBC refused.

**I.   Procedural Background**

On March 28, 2022, the Court ordered PepsiCo to produce Mr. Collis, the current general manager ("GM") of the North American Coffee Partnership ("NACP") to sit for a deposition, limited to 2-hours,[2] at a date and time that "reasonably accommodate[d] [Mr. Collis's] personal and work schedules." ECF 214. Pursuant to that Order, the parties agreed that Mr. Collis would sit for a deposition on April 27, 2022. The NACP is a joint venture between Starbucks Corp. and PepsiCo. That joint venture manufactures and sells ready-to-drink ("RTD") coffee products that PepsiCo is responsible for distributing. RBC had argued that, as the present GM of the NACP, Mr. Collis might have information showing PepsiCo's knowledge of RBC prior to PepsiCo's launch of its Mtn Dew Rise Energy drink. Notably, in the parties' joint letter submitted to the Court regarding its request to depose Mr. Collis, RBC did *not* argue that it sought to depose Mr. Collis to obtain financial information concerning Starbucks Nitro. ECF 210. Rather, RBC argued only that Mr. Collis would have knowledge about (1) PepsiCo's "awareness of [RBC]," which RBC claimed is relevant to intent and damages, and (2) "whether the relevant customers and consumers of RTD coffee are also consumers of energy drinks." *Id.* at 3-4.

---

[1] As used herein, "Rule" refers to a Federal Rule of Civil Procedure.[2] That order was without prejudice to RBC asking the Court for additional time to depose Mr. Collis. ECF 214.

[2] That order was without prejudice to RBC asking the Court for additional time to depose Mr. Collis. ECF 214.

KIRKLAND & ELLIS LLP

May 3, 2022
Page 2

On April 14, 2022, upon review of RBC's Notice of Deposition pursuant to Rule 30(b)(6) and without entertaining any written or oral argument, the Court ordered PepsiCo to produce a Rule 30(b)(6) witness on three topics relating to Starbucks Nitro—Starbucks-branded RTD coffee products that have never borne the MTN DEW RISE ENERGY Mark at issue in this case. The Topics at issue include Starbucks Nitro sales, gross and net profits, and competitors. The Court based this decision on its March 28, 2022 Order (EFC 214) to produce Mr. Collis (again, which was granted after RBC argued Mr. Collis should be deposed because he would have knowledge of PepsiCo's awareness of RBC and information regarding competition between energy drinks and RTD coffee drinks (ECF 210 at 3-4)) and expressly contemplated that Mr. Collis could be PepsiCo's Rule 30(b)(6) designee. ECF 221. Of note, while the cut-off for previously-noticed depositions was May 13, 2022, the Court's Order did not set a date certain by which PepsiCo was required to produce a Rule 30(b)(6) witness. Nor did the Court extend the two-hour time limit it previously set on Mr. Collis's deposition. *Id.*

On April 20, 2022, seven days before Mr. Collis's scheduled deposition, RBC asked PepsiCo to *move* Mr. Collis's deposition to May 11, 12 or 13 because RBC intended to move to compel further Starbucks Nitro documents (including highly sensitive profit, cost, revenue, and strategy documents) and claimed those documents were necessary for RBC's preparation for Mr. Collis's deposition. The next day, RBC filed its letter requesting a discovery conference regarding those documents, which is set for May 6, 2022. ECF 229. Per RBC's request, PepsiCo agreed to move Mr. Collis's deposition. Based on his schedule, PepsiCo could not produce Mr. Collis during the days RBC requested but offered to produce him on May 19, 2022 (the week after fact depositions are set to close in this case). *RBC agreed*. But, on April 27, 2022, upon learning PepsiCo intended to designate Mr. Collis as its Rule 30(b)(6) representative on the Starbucks Nitro topics, RBC insisted he should sit for seven hours—rather than the two hours the Court ordered for his deposition.

On April 28, 2022, PepsiCo timely objected to the April 14, 2022 Order (ECF221) on the grounds that the information that Order requires PepsiCo to produce is irrelevant to any issue in this case. EFC 240. That information pertains solely to Starbucks Nitro—a ready-to-drink, Starbucks-branded product manufactured and sold by the NACP, which has never borne the MTN DEW RISE ENERGY Mark (the sole trademark at issue in this case) and which is not the subject of any of RBC's claims or bases for relief asserted in the operative complaint. The Court ordered RBC to respond to PepsiCo's Objection by May 6, 2022—a week before the current close of deposition discovery and nearly two weeks before the presently agreed date for Mr. Collis's deposition.

On May 2, 2022, the parties met and conferred regarding the time for PepsiCo to comply with the Court's April 14, 2022 Order and Mr. Collis's deposition. During that conference, RBC's counsel insisted ***for the first time*** that PepsiCo must produce its Rule 30(b)(6) designee on Starbucks Nitro topics by the May 13, 2022 close of fact deposition discovery despite having previously agreed to depose Mr. Collis on May 19, 2022. PepsiCo disagreed and explained that no such time limit appears in the Court's order. But RBC insisted that PepsiCo confirm it would produce a witness by May 13—***irrespective*** of whether PepsiCo's Objection remained pending at

KIRKLAND & ELLIS LLP

May 3, 2022
Page 3

that time and despite the fact that PepsiCo had already provided a date before May 13 that RBC accepted and then asked to be continued. RBC threatened to seek to hold PepsiCo in contempt if it would not accede to RBC's demands.

## II. The Court's Orders Should Be Stayed Pending Resolution of PepsiCo's Objection

The Court should stay both the Order to produce a Rule 30(b)(6) witness on certain Starbucks Nitro topics and, because of its interrelated nature, the Order to produce Mr. Collis for a two-hour deposition, until PepsiCo's Objection is decided. PepsiCo is entitled to have its Objection considered and, without a stay, that Objection will be rendered ineffective. As PepsiCo explains in its Objection, RBC is using this trademark infringement lawsuit against PepsiCo based on PepsiCo's use of MTN DEW RISE ENERGY with energy drinks to gain access to highly-sensitive and wholly irrelevant information about Starbucks Nitro—a ready-to-drink coffee product sold under Starbucks' brand through the NACP. While Mtn Dew Rise Energy did not compete with RBC's products, RBC contends that Starbucks Nitro *does* compete with RBC's own ready-to-drink coffee products. Compelling PepsiCo to turn over highly sensitive and wholly irrelevant information about Starbucks Nitro to a competitor is unduly harmful to PepsiCo. Information about Starbucks Nitro's financials and PepsiCo's understanding of Starbucks Nitro's competitors is irrelevant to this case and thus not discoverable. Moreover, it is unduly burdensome and disproportionate to the needs of the case to force PepsiCo to divulge sensitive information about sales, profits, and more to a would-be Starbucks Nitro competitor in a case involving a single trademark that was indisputably never used in connection with the Starbucks Nitro products.

Without a stay, it is clear that RBC intends to use the threat of a contempt motion to force PepsiCo to produce a Rule 30(b)(6) witness on the Starbucks Nitro topics that are the very subject of PepsiCo's pending Objection, which seeks to prevent disclosure of this information. To preserve the status quo and prevent the very harm described in PepsiCo's Objection, this Court should stay enforcement of the April 14, 2022 Order compelling PepsiCo to produce a Rule 30(b)(6) witness until after PepsiCo's Objection is decided. Additionally, the Court should stay enforcement of the order requiring PepsiCo to produce Mr. Collis individually. Otherwise, it appears RBC will seek to depose him *twice*: once as an individual and again as a corporate representative, thereby thwarting the Court's 2-hour limit on Mr. Collis's deposition. This should not be countenanced. *See Alvarez v. Larose*, No. 3:20-CV-00782-DMS-AHG, 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020) (staying enforcement of ordering compelling discovery pending ruling on Objection because to do otherwise "would effectively deprive Respondents of their right to reconsideration of the Discovery Order by the district judge altogether."); *accord Christie v. Lee Cty. Sheriff's Off.*, No. 2:10-CV-00420-FTM, 2012 WL 13098031, at *1 (M.D. Fla. Jan. 3, 2012).

For these reasons, PepsiCo respectfully asks the Court to stay enforcement of the April 14, 2022 Order to produce a Rule 30(b)(6) witness on Starbucks Nitro topics until after PepsiCo's Objection is decided and, because of the relatedness of the issues, the March 28, 2022 Order to produce Mr. Collis for a two-hour deposition.

**KIRKLAND & ELLIS LLP**

May 3, 2022
Page 4

        Sincerely,

        */s/ Lauren Schweitzer*
        Lauren Schweitzer

**KIRKLAND & ELLIS LLP**

May 3, 2022
Page 5

## CERTIFICATE OF CONFERENCE

    Pursuant to the Court's Individual Practices in Civil Cases § II(C)(2), I certify that the parties conferred on May 2, 2022 from approximately 2 pm to 3 pm EST. Plaintiff's positions on each issue are stated above. We informed Mr. Tanck that PepsiCo would be moving to stay enforcement of the Court's March 28, 2022 and April 14, 2022 Orders (ECF 214, 221).

                                                */s/ Lauren Schweitzer*
                                                Lauren Schweitzer