UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RISEANDSHINE CORPORATION,

                Plaintiff,

-v-

PEPSICO INC.,

                Defendant.

CIVIL ACTION NO.: 21 Civ. 6324 (LGS) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are several discovery disputes raised by Plaintiff RiseandShine Co. ("RiseandShine") and Defendant PepsiCo, Inc. ("Pepsi"): (i) Pepsi's April 14, 2022 letter seeking to compel certain discovery from RiseandShine (ECF Nos. 223, 224 ("Pepsi's Apr. 14 Letter")); (ii) Pepsi's April 29, 2022 letter seeking to compel certain discovery from RiseandShine (ECF Nos. 244, 245 (together with Pepsi's Apr. 14 Letter, "Pepsi's Letters as to RiseandShine")); (iii) Pepsi's April 29, 2022 letter seeking to compel certain discovery from third parties (ECF No. 246 ("Pepsi's Letter as to Third Parties")); and (iv) RiseandShine's April 21, 2022 letter seeking to compel certain discovery from Pepsi (ECF Nos. 229, 230 ("RiseandShine's Letter")).

Having reviewed the parties' submissions, and having heard the parties' arguments during the lengthy discovery conference held today, May 6, 2022, the Court orders as follows:

1. Pepsi's Letters as to RiseandShine:

    a. RFP Nos. 1, 3, 5 and 21–23: Pepsi's request for an order compelling RiseandShine "to produce documents responsive to these RFPs, or if it is unable to locate responsive documents, to file written responses stating that no documents exist and outlining steps taken to attempt to locate them" is

DENIED WITHOUT PREJUDICE.  As discussed at the discovery conference, Pepsi may question RiseandShine's Fed. R. Civ. P. 30(b)(6) witness Grant Gyesky regarding the existence of, and RiseandShine's efforts to collect, documents responsive to these RFPs.  If necessary, after Mr. Gyesky's deposition, Pepsi may renew its request for relief.

b. <u>Withheld Third-Party Communications</u>: Regarding Pepsi's request for an order compelling RiseandShine to produce third-party communications (i) on the use of "Rise" and (ii) for which Pepsi claims RiseandShine waived privilege, the Court reserves judgment and orders as follows:

  i. RiseandShine shall promptly identify ten withheld third-party communications concerning the use of "Rise" as to which it believes Fed. R. Evid. 408 may apply (the "Rule 408 Exemplars").  As discussed at the conference, the Rule 408 Exemplars shall include communications with "Rise Up," if any exist.  The Court will conduct an <u>in camera</u> review of the Rule 408 Exemplars to determine relevance and the applicability of Rule 408.

  ii. The parties shall promptly meet and confer to identify 20 withheld third-party communications for which Pepsi claims RiseandShine waived the asserted privilege, from the list of such communications identified in Pepsi's Apr. 14 Letter (<u>see</u> ECF No. 224 at 2 n.2) (the "Waiver Exemplars").

2

      iii. By **May 20, 2022**, RiseandShine shall (i) file a letter listing the Rule 408 Exemplars and the Waiver Exemplars (the "Supplemental Letter"), and (ii) email copies of the Rule 408 Exemplars and the Waiver Exemplars to the Court (Cave_NYSDChambers@nysd.uscourts.gov) for in camera review.

c. <u>Text messages</u>: Regarding Pepsi's request for an order compelling RiseandShine to correct alleged deficiencies in its production of text messages (the "Text Messages"), RiseandShine shall include in its Supplemental Letter the log of the Text Messages that it previously produced to Pepsi, and the Court will reevaluate Pepsi's request. As discussed at the discovery conference, however, Pepsi's request for an order compelling RiseandShine to produce the metadata for the Text Messages is DENIED, because Pepsi has failed to establish that such discovery is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

d. <u>RiseandShine's financial data and pricing survey or audit</u>: Pepsi's request for an order compelling RiseandShine to produce (i) in response to Pepsi's RFPs Nos. 14 and 36, financial data showing the stated value of RiseandShine's sales through March 2022, and (ii) the pricing "survey" or "audit" referenced at the depositions of RiseandShine witnesses, is GRANTED. RiseandShine shall **promptly** produce the financial data and pricing survey or audit.

e. RiseandShine's Supplemental Letter shall not exceed three pages in length, exclusive of exhibits.

3

    f. **Within three business days** of RiseandShine's filing of the Supplemental Letter, Pepsi shall file a responsive letter, not exceeding three pages in length, exclusive of exhibits.

2. <u>Pepsi's Letter as to Third Parties</u>: Regarding Pepsi's request for an order compelling certain Third Parties' responses to non-party subpoenas, the Court orders as follows:

   a. Pepsi's requests as to Steven Salzinger, Alex Tanev, and Hudson Gaines-Ross are DENIED for the reasons explained during the conference; and

   b. Pepsi's request as to Josyl Barchue is GRANTED only to the extent that, by **May 20, 2022**, Mr. Barchue shall serve a declaration describing: (i) the existence, nature, and numerosity of any files he possesses concerning the Rise Brewing Marks (as defined in the subpoena (ECF No. 246-3)), and (ii) identifying the steps he took to search those files for responsive non-privileged documents.

3. <u>RiseandShine's Letter</u>:

   a. RiseandShine's request for an order compelling Pepsi to produce: (i) financial documents in response to RiseandShine's RFP Nos. 19, 21, and 33, and (ii) documentation showing causation of Pepsi's claimed harms, is DENIED WITHOUT PREJUDICE.  As discussed at the discovery conference, RiseandShine has thus far failed to demonstrate it served specific demands for Pepsi's profit-and-loss documentation or for documents and correspondence regarding Pepsi's decision to cancel the unaired Superbowl commercial, but may include

in its Supplemental Letter any citations in support of these requests for the Court's consideration.

b. RiseandShine's request for an order compelling Pepsi to produce documents and information responsive to its requests regarding Starbucks Nitro is DENIED WITHOUT PREJUDICE, pending the resolution of Pepsi's objections to this Court's Order dated April 14, 2022 (ECF No. 221) and Starbucks' motion to intervene. (ECF Nos. 240; 255).

The parties are directed to order a transcript of today's conference.

Dated:   New York, New York
         May 6, 2022

                                        SO ORDERED.

                                        _____
                                        SARAH L. CAVE
                                        United States Magistrate Judge