UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RISEANDSHINE CORPORATION,                                   :
                                            Plaintiff,      :        21 Civ. 6324 (LGS)
                                                            :
            -against-                                       :        ORDER
                                                            :
PEPSICO INC.,                                               :
                                            Defendant.      :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 14, 2022, Magistrate Judge Cave issued an Order directing Defendant to produce a witness to testify to modified versions of Topics 18, 19 and 20 of Plaintiff's Rule 30(b)(6) Deposition Notice, and produce documents responsive to a modified version of Plaintiff's Document Request No. 2. (Dkt. No. 221 at 1-2.) The Order modified the Topics and Requests as follows:

| Topic | Plaintiff's 30(b)(6) Topics | Modified Topics |
|---|---|---|
| 18 | Sales (in dollars and units), costs (in dollars and description of each cost), gross profit, and net profit for all products sold under the STARBUCKS NITRO marks, broken down monthly, quarterly, and in total since inception | Information concerning sales, gross profit, and net profit for all products Pepsi has sold under the STARBUCKS NITRO marks in total since inception. |
| 19 | Your understanding of the competitors to the STARBUCKS NITRO products and any other key players in the nitro coffee market, as well as the respective market share of the STARBUCKS NITRO products compared to those products. | Your understanding of any competitors to the STARBUCKS NITRO products or other sellers of nitro coffee products. |
| 20 | The placement of MTN DEW RISE and STARBUCKS NITRO products in their locations for sale, including any plan-o-grams and product sets for MTN DEW RISE and STARBUCKS NITRO products. | Your understanding of the placement of MTN DEW RISE ENERGY and STARBUCKS NITRO products in stores. |

| Plaintiff's Document Request No. 2 | Modified Document Request |
|---|---|
| Documents sufficient to show market share of the ready-to-drink nitro coffee market by month and year, including the share of STARBUCKS NITRO ready-to-drink products. | Documents sufficient to show market share of STARBUCKS NITRO products by year. |

(Dkt. No. 221 at 2.)

WHEREAS, on April 28, 2022, Defendant timely filed objections to Judge Cave's April 14, 2022, Order on the grounds that Starbucks Nitro products are irrelevant to Plaintiff's claims and Defendant's alleged knowledge of Plaintiff's company does not justify broad discovery of Starbucks Nitro Financials and Strategy.  (Dkt. No. 241 at 6-10.)

WHEREAS, on May 3, 2022, Defendant moved to stay enforcement of Judge Cave's Order.  (Dkt. No. 250.)

WHEREAS, on May 4, 2022, Non-Party Starbucks filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24 for the limited purpose of moving for a protective order to prevent discovery of the materials permitted at Dkt. No. 221.  (Dkt. Nos. 255-257.)

WHEREAS, on May 5, 2022, the Court granted a stay pending a ruling on Defendant's objections.  (Dkt. No. 262.)

WHEREAS, on May 6, 2022, Plaintiff filed a response to Defendant's objections.  (Dkt. No. 268.)

WHEREAS, on May 10, 2022, Plaintiff filed an opposition to Non-Party Starbucks' motion to intervene.  (Dkt. No. 272.)

**Defendant's Objections**

WHEREAS, for objections to a Magistrate Judge's ruling on nondispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is

contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 167 (2d Cir. 2020) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Sec. & Exch. Comm'n v. Genovese*, No. 18 Civ. 942, 2021 WL 2986413, at *6 (S.D.N.Y. July 14, 2021) (citation omitted). "It is well-settled that a magistrate judge's resolution of a nondispositve matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Kaufman v. Salesforce.Com, Inc.*, No. 20 Civ. 6879, 2021 WL 2269552, at *2 (S.D.N.Y. June 3, 2021).

WHEREAS, an order regarding a motion to compel is nondispositive. *SEC v. Collector's Coffee Inc.*, No. 19 Civ. 4355, 2021 WL 391298, at *4-6 (S.D.N.Y. Feb. 4, 2021) (treating a dispute related to a motion to compel as nondispositive and affording deference to the magistrate judge's ruling).   It is hereby

**ORDERED** that Defendant's objections to the April 14, 2022, Order at Docket No. 221 are **OVERRULED**. The April 14, 2022, Order -- which permits discovery of certain materials from Defendant related to Starbucks Nitro -- is not clearly erroneous or contrary to law.

Defendant contends that such discovery is "wholly irrelevant to the MTN DEW RISE ENERGY Mark in dispute." (Dkt. No. 241 at 6.) This argument is unpersuasive. The Amended Complaint alleges that Defendant "likely knew that the launch of its PepsiCo RISE drink would also destroy a leading competitor to Starbucks' Ready-To-Drink (RTD) coffee drinks, which are distributed by PepsiCo through the North American Coffee Partnership. Through this partnership

3

with Starbucks, PepsiCo has been profiting off of the distribution of Starbucks RTD coffee for more than 20 years." (Dkt. No. 80 ¶ 40.) It was not clearly erroneous or contrary to law for Judge Cave to determine that Topics 18, 19 and 20 of Plaintiff's Rule 30(b)(6) Deposition Notice and Plaintiff's Document Request No. 2 are relevant to those allegations and to Plaintiff's claims against Defendant. (*See* Dkt. No. 221 at 1-2.)

**Non-Party Starbucks' Motion to Intervene**

WHEREAS, Non-Party Starbucks seeks to intervene for the limited purpose of moving for a protective order to prevent discovery of the materials permitted at Dkt. No. 221. Having found no error in Judge Cave's April 14, 2022, Order, it is hereby

**ORDERED** that Starbucks' motion is **DENIED as moot**.

Dated: May 18, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE