UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RISEANDSHINE CORPORATION,

                              Plaintiff,

-v-                                              CIVIL ACTION NO.: 21 Civ. 6324 (LGS) (SLC)

**ORDER**

PEPSICO INC.,

                              Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are several discovery disputes raised by Plaintiff RiseandShine Co. ("RiseandShine") and Defendant PepsiCo, Inc. ("Pepsi"), specifically: (i) RiseandShine's request to reduce, from eleven to six, the number of Pepsi's experts (ECF No. 294 ("RiseandShine's Request")); and (ii) Pepsi's request to compel certain discovery from RiseandShine (ECF Nos. 300–01 ("Pepsi's Request")).

Having reviewed the parties' submissions, and having heard the parties' arguments during the discovery conference held today, June 29, 2022, the Court orders as follows:

1. RiseandShine's Request is DENIED without prejudice to renewal following the close of discovery. See, e.g., On Track Innovations Ltd. v. T-Mobile USA, Inc., 106 F. Supp. 3d 369, 414 (S.D.N.Y. 2015) (deferring until trial request to preclude cumulative expert testimony); Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc., No. 09-CV-1410 (KAM), 2012 WL 6091570, at *7 (E.D.N.Y. Dec. 7, 2012) (noting that "where, as here, no trial date has been set, preclusion [of experts as cumulative] is premature").

2. Pepsi's Request is GRANTED IN PART and DENIED IN PART as follows:

    a. RiseandShine shall promptly:

        i. Search Grant Gyesky's emails for communications involving the seven investors or potential investors (the "Investors") that Mr. Gyesky referenced during his deposition, and produce all communications regarding the Investors' reasons for investing or not investing in RiseandShine;

        ii. Ask Mr. Gyesky to clarify the nature of the "valuation" referenced on page 318 of the transcript of his deposition (see ECF No. 308 at 82) and, if this "valuation" appears in a document, produce that document;

        iii. Produce an updated capitalization table;

3. The parties shall promptly meet and confer regarding (i) a proposed extension of the expert discovery schedule, and (ii) whether they can agree to resolve, without the need for Court intervention, RiseandShine's motion to strike portions of the supplemental expert report of Thomas W. Britven (ECF No. 295).

4. By **July 8, 2022**, the parties shall file a joint letter (the "Letter") of no longer than three (3) pages setting forth a proposed amended schedule for the completion of expert discovery. To the extent the parties cannot agree on a proposal, they may set forth in the Letter their respective positions without argument. In the Letter, RiseandShine shall also provide an update on its compliance with Paragraphs 2.a.i–iii.

The parties are directed to order a transcript of today's conference.

The Clerk of Court is respectfully directed to close ECF Nos. 300 and 301.

Dated:  New York, New York
        June 29, 2022

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge