# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Lauren J. Schweitzer<br>To Call Writer Directly:<br>+1 213 680 8252<br>lauren.schweitzer@kirkland.com | 555 South Flower Street<br>Los Angeles, CA 90071<br>United States<br>+1 213 680 8400<br>www.kirkland.com | Facsimile:<br>+1 213 680 8500 |

**VIA CM/ECF**

*Defendant's sealing application is **GRANTED** for substantially the reasons stated in Defendant's letter. The letter at Dkt. No. 340 shall be sealed with access limited to the parties listed in the appendix. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 339.*

Re:   *RiseandShine Corp. v. PepsiCo, Inc.*, 1:21-cv-6324 (LGS)

Dated:  August 25, 2022
New York, New York

*LORNA G. SCHOFIELD*
UNITED STATES DISTRICT JUDGE

Dear Judge Cave:

Pursuant to Section I.G. of the Court's Individual Practices in Civil Cases ("Individual Rules"), Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this letter motion to file under seal PepsiCo's Pre-Motion Letter Brief Requesting Leave To File A Motion For Summary Judgment ("Letter Brief"). The Letter Brief describes and cites to documents that the Parties have designated with one of the confidentiality designations under the Protective Order and/or which the Parties have sought to file under seal.

**Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification:** PepsiCo's Letter Brief describes and cites to a 2019 letter that Plaintiff has designated Outside Attorneys' Eyes Only (which Plaintiff then agreed to downgrade to Confidential). While PepsiCo does not believe this document is properly designated, PepsiCo is required to file this information under seal because plaintiff has sought to keep this information under seal.

A list of counsel who should be granted access to the sealed material is listed in Appendix 1. PepsiCo has served the letter on Plaintiff's counsel via ECF contemporaneously with this filing.

**KIRKLAND & ELLIS LLP**

August 24, 2022
Page 2

                                                               Sincerely

                                                               *s/ Lauren Schweitzer*

                                                               Lauren Schweitzer

**KIRKLAND & ELLIS LLP**

August 24, 2022
Page 3

## Appendix 1: List of Parties and Counsel

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation, *doing business as* Rise Brewing**

    Jason Demian Rosenberg
    Emily Chambers Welch
    Holly Hawkins Saporito
    Neal Joseph McLaughlin
    Paul J. Tanck

**Counsel for Defendant PepsiCo, Inc.**

    Allison W. Buchner
    Dale Margaret Cendali
    Diana Torres
    Lauren Schweitzer
    Maria Monica Beltran
    Paul J. Reilly
    Timothy S. Durst
    Paul J. Reilly
    Susan Cannon Kennedy