# ALSTON & BIRD

1201 West Peachtree Street
Atlanta, GA 30309
Tel: 404-881-7000 | Fax: 404-881-7777

**Emily Chambers Welch**                    Direct Dial: **404-881-7159**

August 30, 2022

**VIA E-FILE**

The Honorable Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

Plaintiff's sealing application is **GRANTED** for substantially the reasons stated in Plaintiff's letter. The letter at Dkt. No. 345 shall be sealed with access limited to the parties listed in the appendix . The Clerk of Court is respectfully directed to close the motion at Dkt. No. 344.

Dated:  August 31, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    *RiseandShine Corp. d/b/a Rise Brewing v. PepsiCo, Inc.,* 1:21-cv-06324-LGS:
       Motion to Seal Rise Brewing's Letter Request for Relief

Dear Judge Cave:

Pursuant to Section I.D.3 of the Court's Individual Rules and Procedures for Civil Cases ("Individual Rules"), Plaintiff RiseandShine Corporation d/b/a Rise Brewing ("Rise") respectfully submits this letter motion to file under seal portions of Rise Brewing's Response to Pepsi's Letter Request (Dkt. No. 340) (the "Response"). Information disclosed in the Response includes quotes from confidential and outside attorneys-eyes only documents produced in this matter by both PepsiCo and Rise Brewing.

## I.    Legal Standard

While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.,* 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.,* No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth.,* Ind., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting

Alston & Bird LLP                                                                                      www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

August 30, 2022
Page 2

confidential business information outweighs the qualified First Amendment presumption of public access").

## II.        Sealing Justification

The sensitive business information of PepsiCo excerpted in Rise Brewing's Response bears on product development, marketing, and investment activities of Defendant. Courts recognize that these types of materials are appropriately maintained under seal. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"). The sensitive business information of Rise Brewing excerpted in the Response bears on confidential settlement communications, the same communications previously redacted by order of this Court. Dkt. 343.

A public redacted copy of the Response is being filed hereafter.  A list of counsel who should be granted access to the sealed material in the Supplemental Letter is listed in Appendix 1.  Rise Brewing has served the sealed Response on Defendant's counsel via ECF contemporaneously with this filing.

Respectfully Submitted,

/s/ *Emily Chambers Welch*
Emily Chambers Welch
*Counsel for Plaintiff RiseandShine*
*Corporation d/b/a Rise Brewing*

August 30, 2022
Page 3

**Appendix 1: List of Counsel Designated to Access
"Outside Attorneys' Eyes Only" Information**

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation d/b/a Rise Brewing**
Jason Demian Rosenberg
Emily Chambers Welch
Holly Hawkins Saporito
Neal Joseph McLaughlin
Paul J. Tanck
Christopher McArdle
Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**
Allison W. Buchner
Dale Margaret Cendali
Diana Torres
Lauren Schweitzer
Maria Monica Beltran
Paul J. Reilly
Susan Cannon Kennedy
Monica H. Smith
Saghar Esfandiarifard