# ALSTON & BIRD

90 Park Ave
15th Floor
New York, NY 10016
Tel: 212-210-9400 | Fax: 212-210-9444

**Paul Tanck**  Direct Dial: **212-210-9438**

> Plaintiff's sealing application is **GRANTED** for substantially the reasons stated in Plaintiff's letter. The letter at Dkt. No. 268 shall be sealed with access limited to the parties listed in the appendix . The Clerk of Court is respectfully directed to close the motion at Dkt. No. 267.
>
> Dated: September 6, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

May 6, 2022

**VIA E-FILE**

The Honorable Lorna G. Schofield
The Honorable Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

Re: *RiseandShine Corp. d/b/a Rise Brewing v. PepsiCo, Inc.,* 1:21-cv-06324-LGS: Motion to Seal Rise Brewing Response in Opposition to Defendant PepsiCo's Objections to Magistrate Judge's Order

Dear Judge Schofield and Judge Cave:

Pursuant to Section I.D.3 of the Court's Individual Rules and Procedures for Civil Cases ("Individual Rules"), Plaintiff RiseandShine Corporation d/b/a Rise Brewing ("Rise") respectfully submits this letter motion to file under seal Rise's May 6, 2022 Response in Opposition to Defendant PepsiCo's Objection to Magistrate Judge's Order, (the "Response") and Exhibits A, B, and C thereto. Information disclosed in the Response is confidential, commercially sensitive operations information of the Defendant ("PepsiCo") designated as Confidential–Attorneys' Eyes Only, and Confidential–Outside Attorneys' Eyes Only under the Protective Order in this case. The document produced by PepsiCo at Exhibit A has been designated Confidential-Outside Attorneys Eyes Only. The document produced by PepsiCo at Exhibit B Confidential–Outside Attorneys' Eyes Only. The document produced by PepsiCo at Exhibit C has been designated Confidential-Attorneys' Eyes Only. While Rise Brewing does not necessarily agree to PepsiCo's designations, out of an abundance of caution, Rise Brewing requests leave to file those documents, and any references made to them, under seal.

### I. Legal Standard

While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a

Alston & Bird LLP   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

May 6, 2022
Page 2

court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth.*, Ind., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II.     Sealing Justification

The operations and pricing data discussed in the Response includes references to materials PepsiCo designated Confidential, Confidential-Attorneys' Eyes Only, and Confidential-Outside Attorneys' Eyes Only, specifically, internal non-public, current operational information and pricing and marketing strategy.  Disclosure would allow competitors access to PepsiCo's operational, pricing, and marketing information, which may harm PepsiCo's ability to compete in the future. Furthermore, Exhibits A, B, and C consists of an internal PepsiCo emails and power point presentations regarding marketing and pricing considerations, designated Outside Attorneys' Eyes Only or Attorneys' Eyes Only.  Courts recognize that these types of materials are appropriately maintained under seal. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice").  Rise therefore respectfully requests that the Court grant its motion to seal.

A public redacted copy of the Response and Exhibits A, B, and C are being filed hereafter.  A list of counsel who should be granted access to the sealed material in the Response is listed in Appendix 1.  Exhibits A, B, and C can be viewed by any of those individuals.  Rise has served the sealed Response and sealed Exhibits A, B, and C on Defendant's counsel via ECF contemporaneously with this filing.

Respectfully Submitted,

/s/ *Paul Tanck*
Paul Tanck
Counsel for Plaintiff RiseandShine
Corporation d/b/a Rise Brewing

## Appendix 1: List of Counsel Designated to Access "Outside Attorneys' Eyes Only" Information

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation d/b/a Rise Brewing**
Jason Demian Rosenberg
Emily Chambers Welch
Holly Hawkins Saporito
Lauren R. Timmons
Neal Joseph McLaughlin
Paul J. Tanck

**Counsel for Defendant PepsiCo, Inc.**
Allison W. Buchner
Dale Margaret Cendali
Diana Torres
Lauren Schweitzer
Maria Monica Beltran
Paul J. Reilly
Timothy S. Durst
Paul J. Reilly
Susan Cannon Kennedy