# ALSTON & BIRD

90 Park Ave
15th Floor
New York, NY 10016
Tel: 212-210-9400 | Fax: 212-210-9444

**Paul Tanck**  Direct Dial: **212-210-9438**

May 10, 2022

**VIA E-FILE**

The Honorable Lorna G. Schofield
The Honorable Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

> Plaintiff's sealing application is GRANTED for substantially the reasons stated in Plaintiff's letter. The letter at Dkt. No. 272 shall be sealed with access limited to the parties listed in the appendix . The Clerk of Court is respectfully directed to close the motion at Dkt. No. 271.
>
> Dated:  September 6, 2022
>         New York, New York
>
> _[signature]_
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

Re:  *RiseandShine Corp. d/b/a Rise Brewing v. PepsiCo, Inc.,* 1:21-cv-06324-LGS:
     Motion to Seal Rise Brewing Opposition to Non-Party Starbucks Corporation's
     Motion to Intervene

Dear Judge Schofield and Judge Cave:

Pursuant to Section I.D.3 of the Court's Individual Rules and Procedures for Civil Cases ("Individual Rules"), Plaintiff RiseandShine Corporation d/b/a Rise Brewing ("Rise") respectfully submits this letter motion to file under seal Rise's May 10, 2022 Opposition to Non-Party Starbucks Corporation's Motion to Intervene, (the "Opposition") and the associated Exhibit A. Information disclosed in the Opposition and Exhibit A is confidential, commercially sensitive operations information of the Defendant ("PepsiCo") designated as Confidential–Outside Attorneys' Eyes Only under the Protective Order in this case. Much of this information was previously filed under seal at Dkt. Nos. 137 and 183 and the associated attachments. PepsiCo has also designated Exhibit A as Confidential–Outside Attorneys' Eyes Only.

## I.  Legal Standard

While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Alston & Bird LLP                                                                 www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

May 10, 2022
Page 2

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth.*, Ind., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II.    Sealing Justification

The operations and pricing data discussed in the Opposition and Exhibit A includes references to materials PepsiCo designated Confidential-Outside Attorneys' Eyes Only, specifically, internal non-public, current operational information and pricing and marketing strategy. Disclosure would allow competitors access to PepsiCo's operational, pricing, and marketing information, which may harm PepsiCo's ability to compete in the future. Courts recognize that these types of materials are appropriately maintained under seal. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"). Rise therefore respectfully requests that the Court grant its motion to seal.

A public redacted copy of the Opposition and associated Exhibit A are being filed hereafter. A list of counsel who should be granted access to the sealed material in the Opposition and Exhibit A is listed in Appendix 1. Rise has served the sealed Opposition and associated Exhibit A on Defendant's counsel via ECF contemporaneously with this filing.

Respectfully Submitted,

/s/ *Paul Tanck*
Paul Tanck
Counsel for Plaintiff RiseandShine
Corporation d/b/a Rise Brewing

May 10, 2022
Page 3

## Appendix 1: List of Counsel Designated to Access "Outside Attorneys' Eyes Only" Information

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation d/b/a Rise Brewing**
Jason Demian Rosenberg
Emily Chambers Welch
Holly Hawkins Saporito
Lauren R. Timmons
Neal Joseph McLaughlin
Paul J. Tanck

**Counsel for Defendant PepsiCo, Inc.**
Allison W. Buchner
Dale Margaret Cendali
Diana Torres
Lauren Schweitzer
Maria Monica Beltran
Paul J. Reilly
Timothy S. Durst
Paul J. Reilly
Susan Cannon Kennedy