# ALSTON & BIRD

**Paul Tanck**  Direct Dial: **212-210-9438**  Email: **paul.tanck@alston.com**

October 10, 2022

**VIA E-FILE**

The Honorable Lorna G. Schofield
The Honorable Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

Re:   *RiseandShine Corp. d/b/a Rise Brewing v. PepsiCo, Inc.,* 1:21-cv-06324-LGS:
      Joint Letter Regarding Briefing Schedule

Dear Judge Schofield:

Pursuant to the Court's September 15, 2022 Order (Dkt. 353), the parties submit the following joint letter apprising the Court of the progress of settlement discussions and proposing a briefing schedule.

The parties were unable to settle this action and PepsiCo has informed Rise Brewing that PepsiCo intends to move for summary judgment on each of Rise's claims and each of Rise Brewing's theories of recovery. The parties put forth their respective positions regarding summary judgment briefing below:

**Rise Brewing's Position:**

Pursuant to Your Honor's Individual Rules of Practice, III.B.4., Rise Brewing submits that 60 days to complete the submission of Summary Judgment briefing is appropriate, and should be allocated as follows:

- Motion and Required Papers Submitted – November 1, 2022 (22 days from today)

- Opposition Submitted – November 23, 2022 (22 days from Opening Brief)

- Reply submitted – December 9, 2022 (16 days from Opposition Brief).

Pursuant to Your Honor's Individual Rules of Practice, III.B.1., Rise Brewing submits that opening and opposition memoranda of law should be limited to 25 pages and reply memoranda should be limited to 10 pages. Rise Brewing disputes PepsiCo's statement that Your Honor "suggested" that PepsiCo bring a motion for summary judgment on damages. Such briefing was proposed by PepsiCo, not the Court, and was contemplated by PepsiCo as an alternative to motion practice on merits issues, rather than supplemental

October 10, 2022
Page 2

briefing warranting additional pages. Further, the alleged concerns PepsiCo raises regarding the interests of the "trademark bar" should have no bearing on what is appropriate in this case.

Rise Brewing opposes PepsiCo's request to modify Your Honor's Individual Rules of Practice regarding the submission of Affidavits and Exhibits, III.B.3. Rise Brewing disputes PepsiCo's unfounded and inaccurate prediction below that Rise Brewing intends to "oppose the motion with conclusory statements." *See* below, p. 4. It is Rise Brewing's position that PepsiCo's request for an unlimited number of exhibits will create undue burden on the parties and the Court and merely illustrates what your Honor previously noted: that this matter is full of too many disputed questions of fact to resolve on summary judgment and this case should be scheduled for trial.

With respect to *Daubert* motions, Rise Brewing opposes any modification to Your Honor's Individual Rules of Practice regarding briefing schedules, limits, or supporting evidence. To the extent PepsiCo intends to file *Daubert* motions contemporaneously with its motions for summary judgment, and the Court permits it to do so at this time, Rise Brewing respectfully requests that those motions follow the same calendar set forth above. Rise Brewing intends to file *Daubert* motions challenging multiple of PepsiCo's 11 experts and 12 expert reports but feels that such practice would be better reserved until closer to trial and need not occur simultaneously with summary judgment practice.

**PepsiCo's Position:**

Briefing Schedule.  PepsiCo acknowledges that Your Honor's Individual Rules require the parties' briefing schedules to "not exceed 60 days from the time of filing [this letter]." Rule III.B.4.  Because of the significance and complexity of the issues in this case and to account for the upcoming holidays, PepsiCo respectfully requests the following moderate extension:

- Opening Brief — Wednesday, November 2 (23 days from today)

- Opposition Brief — Wednesday, December 7 (35 days from Opening Brief)

- Reply Brief — Wednesday, January 11 (35 days from Opposition Brief)

This schedule is consistent with briefing schedules ordered by this Court in similar cases. *See, e.g., River Light V, L.P. v. Olem Shoe Corp.*, No. 20 Civ. 07088 (S.D.N.Y., *filed* Sept. 23, 2021) (Schofield, J.) (ECF 96) (35 days for opening and opposition briefs); *360 Mortgage Group, LLC v. Fortress Investment Grp LLC*, No. 19 Civ. 08760 (S.D.N.Y., *filed* June 2, 2021) (Schofield, J.) (ECF 162) (providing for a 78-day briefing schedule).  PepsiCo submits that this case warrants such an extension given its obvious significance, both to the parties and to trademark law as a whole: it has already merited an expedited appeal and a unanimous, published opinion from the Second Circuit, along with significant coverage in the legal press and interest from the trademark bar.  For that reason, it is critical that the parties have a fair opportunity to brief the issues appropriately and to substantiate their arguments with evidence from the record.

Plaintiff opposes PepsiCo's schedule on the sole basis that it deviates from this Court's default rules, notwithstanding the fact that this Court has deviated from those rules on numerous occasions. *See supra*. Moreover, Plaintiff's proposed schedule would conflict with family and other personal holiday commitments for PepsiCo's in-house attorneys and other employees, as well as its outside counsel (and their staff). Plaintiff insists that the deadline for PepsiCo's opening brief be November 1 (rather than November 2 as PepsiCo requests) and for no good reason. One day is not going to make a difference in this case's timeline, and a November 1 deadline will inevitably interfere with the ability of PepsiCo team members to participate in Halloween events with their families, including children. Plaintiff also proposes to give PepsiCo roughly two weeks to prepare its Reply Brief, one of which is the week of Thanksgiving, when several of PepsiCo's team members will be travelling with family. Such a conflict is unnecessary and can be entirely avoided by the modest schedule adjustment PepsiCo proposes above, and PepsiCo's requested briefing schedule will not cause any prejudice or significantly delay resolution of this case.

Page Limits. PepsiCo acknowledges that Your Honor's Individual Rules provide for default page limits of 25 pages for opening and opposition briefs and 10 pages for the movant's reply brief. Rule III.B.1. PepsiCo respectfully submits that this case warrants an expansion of those limits. PepsiCo intends to move for summary judgment both as to liability (which will require discussion of each of the eight *Polaroid* factors, along with Plaintiff's various state-law claims) and—as Your Honor suggested at the September 7, 2022 pre-motion conference—as to damages (which will require discussion of the numerous and independent legal infirmities of each of Plaintiff's four damages theories). In light of that context, PepsiCo will be denied a fair opportunity to discuss the relevant legal issues if it is limited to 25 pages. Accordingly, PepsiCo requests the following adjustment to this Court's default page limit schedule:

- Opening Brief — 35 pages (10 pp over default)

- Opposition Brief — 35 pages (10 pp over default)

- Reply Brief — 15 pages (5 pp over default)

These page limits are consistent with this Court's practice in other cases. *See, e.g.,* Order in *Serena Thompson v. Corizon Health, Inc.*, No. 18 Civ. 07139 (S.D.N.Y., *filed* Jan. 14, 2020) (Schofield, J.) (ECF 105) (permitting 35 pages for "opening and opposition briefs"). As indicated above, this is a significant case—both for the parties involved and for the broader trademark bar—and PepsiCo believes that its motion therefore warrants this moderate expansion in the number of permitted pages to allow the parties to properly brief the important legal issues involved. And in the event this Court does not dismiss Plaintiff's claims in their entirety, additional pages will permit PepsiCo to propose ways for the Court to pare this case down and simplify the issues to be presented to a jury at trial, including by striking Plaintiff's novel and methodologically unsound monetary relief theories.

Exhibit & Declaration Limits. PepsiCo acknowledges that Your Honor's Individual Rules limit each party to "a total of five affidavits/declarations (not to exceed 10 double-spaced pages)" and to "a total of 15 exhibits (each not to exceed 15

October 10, 2022
Page 4

pages)." Rule III.B.3. PepsiCo requests two adjustments to this rule, both of which are necessary to give the parties a fair opportunity to litigate the motion.

*First,* PepsiCo requests that this Court limit the parties to a maximum of 225 pages of exhibits, without regard to the total number of individual exhibits, as this Court has often done in prior cases. *See, e.g., Manbro Energy Corp. v. Chatterjee Advisors, LLC*, No. 20 Civ. 3773 (S.D.N.Y., *filed* Jan. 14, 2022) (Schofield, J.) (ECF 167) ("Each side may file up to a total of 225 pages of exhibits without any limitation on the number of exhibits."); *NCUA v. HSBC Bank USA, NA.*, No. 15 Civ. 02144 (S.D.N.Y., *filed* June 8, 2021) (Schofield, J.) (ECF 439) (permitting "each side [to] file exhibits totaling no more than 225 pages, but without limitation as to the number of exhibits filed"); *Serena Thompson v. Corizon Health, Inc.*, No. 18 Civ. 7139 (S.D.N.Y., *filed* Jan. 14, 2020) (Schofield, J.) (ECF 105) ("The parties may file up to 225 pages total of exhibits, allocated across whatever number of exhibits they chose, so long as they do not exceed the 225-page limit."); *Price v. L'Oreal USA, Inc.*, No. 17 Civ. 00614 (S.D.N.Y., *filed* Dec. 11, 2019) (Schofield, J.) (ECF 246) ("In support of or in opposition to the motions, each party shall file exhibits totaling no more than 225 pages, but without limitation as to the number of exhibits filed."). This adjustment is warranted in light of the fact that PepsiCo's motion will seek dismissal of multiple claims on liability grounds, as well as to strike four separate damages theories, each of which rely on distinct documentary evidence and deposition testimony.

PepsiCo shared these concerns with Plaintiff's counsel, who nonetheless refused to join PepsiCo's request. This is puzzling. As the party who will bear the burdens of proof and persuasion at trial, Plaintiff will be required to oppose PepsiCo's motion by pointing to specific evidence "on which the [trier of fact] could reasonably find" in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). Plaintiff's refusal to consent to PepsiCo's request suggests that it plans to oppose the motion with conclusory statements (rather than by reference to specific record evidence), which is insufficient under binding precedent. *See, e.g., Geyer v. Choinski*, 262 F. App'x 318, 318 (2d Cir. 2008) ("Reliance upon conclusory statements or mere allegations is not sufficient to defeat summary judgment.").

*Second,* PepsiCo requests that this Court permit the parties to file any expert reports in their entirety in electronic format, without regard to Your Honor's rule limiting declarations to 15 pages, as this Court has previously allowed in other trademark cases. *See* Order *in Dentsply Int'l, Inc. v. Dental Brands for Less LLC*, No. 15 Civ. 08775 (S.D.N.Y., *filed* Oct. 2, 2018) (Schofield, J.) (ECF 344) ("Any party may file as an exhibit any expert report in its entirety."). PepsiCo also requests the Court's confirmation that the electronically-submitted expert reports will not count towards the 225 page limit for exhibits.

<u>Daubert</u> Motions. As set forth in PepsiCo's pre-motion letter filed concurrently herewith, PepsiCo intends to bring two *Daubert* challenges—filed as a single motion—seeking the exclusion of certain testimony of Plaintiff's damages experts, Brett Reed and Russell Winer, relating to Plaintiff's claimed monetary remedies. PepsiCo believes that such challenges are essential to its argument that Plaintiff's claims for monetary relief are factually and legally unsound and therefore should be briefed simultaneously with

October 10, 2022
Page 5

PepsiCo's motion for summary judgment.  (PepsiCo reserves the right to bring a *Daubert* challenge to certain testimony of Plaintiff's survey expert, Michael Kamins, but believes that such a motion would be better reserved for closer to trial.)

PepsiCo agrees with Plaintiff that the aforementioned *Daubert* challenges relating to monetary remedies should be briefed on the same schedule as PepsiCo's summary judgment motion.

PepsiCo acknowledges that Your Honor's Individual Rules limit each party to "a total of 15 exhibits (each not to exceed 15 pages)" and to "a total of five affidavits/declarations (not to exceed 10 double-spaced pages)" in support of, or in opposition to, any motion, including PepsiCo's anticipated *Daubert* challenges.  Because these challenges will need to reference the reports of Mr. Reed and Mr. Winer (each of which significantly exceed 15 pages) as well as several of the hundreds of documentary exhibits on which those reports supposedly rely, PepsiCo respectfully requests that the Court waive the aforementioned limitations and instead limit the parties to the submission of 225 pages of exhibits in total.  This request is consistent with this Court's approach to *Daubert* briefing in other cases.  *See, e.g., Rosario v. City of New York*, No. 18 Civ. 4023 (S.D.N.Y., *filed* Feb. 5, 2021) (Schofield, J.) (ECF 200) (permitting "[e]ach party [to] file any number of exhibits … so long as the total number of exhibit pages does not exceed 225" in support of or in opposition to *Daubert* motions).

Respectfully Submitted,

/s/ *Paul Tanck*
Paul Tanck
Counsel for Plaintiff RiseandShine
Corporation d/b/a Rise Brewing


/s/ *Dale M. Cendali*
Dale M. Cendali
Counsel for Defendant PepsiCo, Inc.