```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
RISEANDSHINE CORPORATION,                                    :
                                    Plaintiff,               :      21 Civ. 6324 (LGS)
                                                             :
                 -against-                                   :      ORDER
                                                             :
PEPSICO INC.,                                                :
                                    Defendant.               :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 10, 2022, Defendant filed a letter seeking leave to file and brief *Daubert* motions regarding two of Plaintiff's experts concurrently with its motion for summary judgment (the "*Daubert* Letter"). That letter previewed Defendant's arguments regarding the admissibility of the experts' testimony. The same day, Defendant filed a letter motion to seal portions of the *Daubert* Letter. On October 14, 2022, Plaintiff filed a response to the *Daubert* Letter, and additionally filed a letter motion to seal portions of that response.

WHEREAS, an Order issued October 14, 2022, denied Defendant's request to file *Daubert* motions concurrently with its motion for summary judgment. It also denied, without prejudice to renew, Defendant's request to file the *Daubert* Letter in redacted form. That Order did not address Plaintiff's letter motion to file its response to the *Daubert* Letter under seal.

WHEREAS, on October 21, 2022, the parties each filed letters renewing the motion to file the *Daubert* Letter under seal. Defendant submitted a version of the *Daubert* Letter with narrower proposed redactions.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is

"a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted). The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

WHEREAS, documents submitted in connection with a *Daubert* motion are relevant to the performance of the judicial function. Federal Rule of Evidence 702 places a "gatekeeping obligation," on trial judges, *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999), who must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). *See Dependable Sales and Service, Inc. v. TrueCar, Inc.*, 311 F.Supp.3d 653, 665 (S.D.N.Y. 2018) (finding *Daubert* submissions to be judicial documents); *see also Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) ("[A] court performs the judicial function not only when it rules on motions currently before it, but also when properly exercising its inherent supervisory powers.") (internal quotations and brackets omitted). The *Daubert* Letter is a judicial document subject to the presumed right of access.

2

WHEREAS, the weight of the presumption is relatively weak.  While *Daubert* motions may be, as a practical matter, important to the resolution of many cases, they are not dispositive and do not "determin[e] litigants' substantive rights -- conduct at the heart of Article III." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).  Moreover, the *Daubert* Letter contains information that, per the October 14 Order, may be presented with more complete briefing at a later date.

WHEREAS, competing considerations of preserving confidential business information justify the redactions proposed by the parties.  One consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted).  However, "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause." *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015).  The parties have proposed redactions to Plaintiff's revenues, costs and capital raised, and the financial performance of Defendant's product at issue in this litigation.  These proposed redactions are "narrowly tailored" to keep confidential commercial information under wraps, *Lugosch*, 435 F.3d at 124, overriding the presumption of access to these documents.  It is hereby

**ORDERED** that the parties' motion to file the *Daubert* Letter under seal is **GRANTED**.  It is further

**ORDERED** that Plaintiff's motion to file its response to the *Daubert* Letter under seal is **DENIED**, without prejudice to refile.  Plaintiff's response shall remain under seal at this time.  Any renewed motion to file under seal shall be made by **October 28, 2022**.

The parties are reminded that this Order covers only the redaction of information submitted in the *Daubert* Letter. That information may be filed under seal in connection with the *Daubert* Letter does not mean it may be filed under seal in connection with Defendant's motion for summary judgment or at trial. *See Maxwell*, 929 F.3d at 53 ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access."); *Amodeo*, 71 F.3d at 1049 ("[T]he public has an especially strong right of access to evidence introduced in trials.").

The Clerk of Court is respectfully directed to close the motions at Dkt. 360, Dkt. 361, Dkt. 363, Dkt. 367, Dkt. 368, Dkt. 369, and Dkt. 370.

Dated: October 24, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**