UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RISEANDSHINE CORPORATION,              :
                                 Plaintiff,     :       21 Civ. 6324 (LGS)
                  -against-           :                 ORDER
PEPSICO INC.,                         :
                                Defendant.      :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on October 10, 2022, Defendant filed a letter seeking leave to file and brief *Daubert* motions regarding two of Plaintiff's experts concurrently with its motion for summary judgment (the "*Daubert* Letter"). The same day, Defendant filed a letter motion to seal portions of the *Daubert* Letter. On October 14, 2022, Plaintiff filed a response opposing Defendant's request regarding its *Daubert* motions (the "Opposition"), and additionally filed a letter motion to seal portions of that response.

       WHEREAS, an Order issued October 14, 2022, denied Defendant's request to file *Daubert* motions concurrently with its motion for summary judgment. It also denied, without prejudice to renew, Defendant's request to file the *Daubert* Letter in redacted form. On October 21, 2022, the parties each filed letters renewing the motion. An Order issued October 24, 2022, granted the renewed request to file the *Daubert* Letter under seal and denied, without prejudice to renew, Plaintiff's request to file the Opposition under seal.

       WHEREAS, on October 28, 2022, the parties filed renewed motions seeking to file portions of the Opposition under seal.

       WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted).  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted).  The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted).  In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

WHEREAS, for the reasons explained in the Order issued on October 24, 2022, the parties' letters submitted in connection with Defendant's anticipated *Daubert* motion, including the Opposition, are judicial documents, though the weight of the presumption of public access is relatively weak.  As that Order explains, preserving confidential business information can override the presumption of public access, allowing redaction of "specific business information and strategies, which if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted).

WHEREAS, the parties have proposed redactions to specific information regarding their revenues, costs, and financial performance.  These proposed redactions are "narrowly tailored"

to keep confidential commercial information under wraps, *Lugosch*, 435 F.3d at 124, overriding the presumption of access to these documents. It is hereby

**ORDERED** that the parties' motion to file the Opposition under seal is **GRANTED**.

The parties are reminded that this Order covers only the redaction of information submitted in the Opposition. That information may be filed under seal in connection with the Opposition does not mean it may be filed under seal in connection with Defendant's motion for summary judgment or at trial. *See Maxwell*, 929 F.3d at 53 ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access."); *Amodeo*, 71 F.3d at 1049 ("[T]he public has an especially strong right of access to evidence introduced in trials.").

The Clerk of Court is respectfully directed to close the motions at Dkt. 372 and Dkt. 373.

Dated: November 3, 2022
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**

3