# ALSTON & BIRD

1201 West Peachtree Street
Atlanta, GA 30309
Tel: 404-881-7000 | Fax: 404-881-7777

**Emily Chambers Welch**                   Direct Dial: **404-881-7159**                   Email: **emily.welch@alston.com**

November 8, 2022

**VIA E-FILE**

The Honorable Lorna G. Schofield
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

Re:      *RiseandShine Corp. d/b/a Rise Brewing v. PepsiCo, Inc.,* 1:21-cv-06324-LGS:
          Letter Motion in Support of PepsiCo's Motion to Seal Dkt. No. 377

Dear Judge Schofield:

        Pursuant to Section I.D.3 of the Court's Individual Rules and Procedures for Civil Cases ("Individual Rules"), Plaintiff RiseandShine Corporation d/b/a Rise Brewing ("Rise Brewing") respectfully submits this letter motion in support of PepsiCo's letter motion to file under seal Defendant's Brief in support of its Motion for Summary Judgment ("MSJ Brief"), associated exhibits, the Smith Declaration, the Torres Declaration, and Rule 56.1 Statement (collectively, "Defendant's MSJ Filing").  As noted by PepsiCo in its letter motion (Dkt. 377), Defendant's MSJ Filing describes, cites to, and includes, documents designated with a confidentiality designation pursuant to the protective order of this Court, and Rise Brewing respectfully requests that this Court grant confidential treatment to the redactions made by PepsiCo, to the extent they protect the confidential information of Rise Brewing and its business partners identified below.

## I.      Legal Standard

        While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate.  *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978)).  "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure."  *In re Utica Mut. Ins. Co. v. INA Reinsurance Co*., 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

November 8, 2022
Page 2

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp*., No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth*., Ind., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

### Sealing Justification

As recited by PepsiCo, Defendant's MSJ Filing, including specifically Exhibits 8-10, 12-13, 15, 17, 22, 27-28, 40-41, 43-65, and 75, all either reference, cite to, or are confidential information of Rise Brewing.  Rise Brewing submits the following sealing justifications for the information presented therein, organized by underlying exhibit.  Rise Brewing respectfully submits that the sealing justifications presented for each exhibit corresponds with the sealing justification to the discussion of those exhibits and their content presented within the remainder of Defendant's MSJ Filing.

1.  Exhibit 8 is an excerpt from the deposition testimony of Rise Brewing's Chief Operating Officer Melissa Kalimov, reflecting Rise Brewing's confidential business and product development plans.

2.  Exhibit 9 is an excerpt from the deposition testimony of Rise Brewing's Director of National Accounts Nia Kaye, reflecting Rise Brewing's confidential product launch and placement programs with a retailer, implicating both the confidential information of Rise Brewing, and said retailer.[1]

3.  Exhibit 10 is an excerpt from the deposition testimony of Rise Brewing's Co-founder and Chief Creative Officer Jarrett McGovern, discussing Rise Brewing's confidential business activity. Rise Brewing had previously consented to public disclosure of the information regarding Mr. McGovern's father, although Rise Brewing notes that the relevance of this information is minimal.

4.  Exhibits 12 and 22: Exhibit 12 is excerpts from the deposition testimony of Brett Reed who opined on harm to Rise Brewing.  Exhibit 22 is excerpts of the opening expert report of Brett Reed, submitted by Rise Brewing.[2]   Both excerpts discuss Rise Brewing's investment history, including discussion of efforts to seek investment and

---

[1] Rise Brewing notes that there does not appear to be any citation to Exhibit 9 in PepsiCo's MSJ Brief or Rule 56.1 statement. As such, the relevance of this confidential information is close to nil, further supporting confidential treatment.

[2] Rise Brewing notes that PepsiCo's exhibit omits Mr. Reed's cover and signature pages, however a comparison indicates that Exhibit 22 is Mr. Reed's Opening Report.

November 8, 2022
Page 3

presentations to investors, confidential Rise Brewing's business operations information, such as opportunities with third parties, costs, margins and projections.

5.  Exhibit 13 is excerpts from the deposition testimony of Steve Salzinger. Rise Brewing objects to the cited information therein to the extent it includes discussion of Rise Brewing's efforts to seek investment, and amounts invested.

6.  Exhibit 15 is the expert report of Murray Beach presented by PepsiCo. This expert report was generated after a comprehensive review of Rise Brewing's confidential financial information, and the provided excerpts discuss Rise Brewing's investment history, including discussion of Rise Brewing's efforts to seek investment and presentations to investors, Rise Brewing's margins, Rise Brewing's business opportunities with third parties, Rise Brewing's costs, and Rise Brewing's business plans and projections. As such, the disclosure of Mr. Beach's report would likely cause serious competitive harm to Rise Brewing.

7.  Exhibit 17 is the correct expert report of Edward J. Fox., PhD. PepsiCo advocated that this excerpt be given confidential treatment due to its discussion of PepsiCo "market research, financial performance data, and revenue targets…" Dkt. 377, p. 2. Similarly, the document discusses confidential Rise Brewing sales and distribution information, warranting confidential treatment.

8.  Exhibits 27 and 61 are excerpts of an Intellectual Property and Litigation disclosure made by Rise Brewing to its third-party investors, reflecting Rise Brewing's confidential business intelligence, confidential business operations issues, and confidential litigation and intellectual-property related strategy.

9.  Exhibit 28 is a communication between Rise Brewing and an investor.  The identity of this investor is itself confidential.  Further, the communication discusses Rise Brewing's investment strategy, other investors, and financial performance and projections.

10. Exhibit 40 is a confidential Rise Brewing internal presentation reflecting Rise Brewing's confidential consumer insights business strategies and market insights.

11. Exhibit 41 is Rise Brewing's confidential sales performance history.

12. Exhibit 43 is confidential information submitted by a Rise Brewing customer to Rise Brewing's internal communications portal.

13. Exhibit 44 is an excerpt of a confidential Rise Brewing presentation reflecting business strategy regarding product placement at a major retailer.

14. Exhibit 45 is an excerpt of a confidential Rise Brewing presentation to a retailer reflecting Rise Brewing business information.

November 8, 2022
Page 4

15. Exhibit 46 is an excerpt of Rise Brewing's capitalization table, reflecting confidential information of a selected set of Rise Brewing's investors.  The identity of these investors is confidential.

16. Exhibit 47 is a confidential communication between Rise Brewing and one of its investors reflecting information regarding Rise Brewing's investment efforts, amounts invested in Rise Brewing, as well as the identity, amounts, and terms of investment of said investor, all of which are confidential.

17. Exhibits 48, 49, 53, 54, and 55 are confidential communications between Rise Brewing and its investors reflecting information regarding Rise Brewing's investment efforts, amounts invested in Rise Brewing, the terms of investment by certain investors, and Rise Brewing's confidential business strategy, metrics and projection information.

18. Exhibit 50 is a confidential excerpt of an investor presentation of Rise Brewing, reflecting Rise Brewing's confidential projections, business initiatives, and product development.

19. Exhibit 51 is the confidential personal notes of Grant Gyesky in advance of a confidential Rise Brewing board meeting, reflecting Rise Brewing's confidential financial and strategic business information.

20. Exhibit 52 is a confidential communication between Rise Brewing and its investment advisor, reflecting confidential investment and business strategy information.

21. Exhibit 56 is a confidential communication between Rise Brewing and a potential investor reflecting Rise Brewing's investment strategy.

22. Exhibit 57 is an excerpt of a confidential communication generated by Rise Brewing to solicit investment reflecting Rise Brewing's confidential product development plans, projections, and business strategy.

23. Exhibit 58 is an excerpt from a confidential presentation generated for Rise Brewing reflecting confidential investment solicitation strategy.

24. Exhibit 59 is an excerpt from a Rise Brewing financials summary showing Rise Brewing's confidential operations data.

25. Exhibit 60 is an excerpt of confidential communication between Rise Brewing and a third party regarding a potential dispute and resolution efforts.

26. Exhibit 62 is a text communication between Rise Brewing's co-founders reflecting confidential business strategy.

27. Exhibits 63, 64, and 75 are confidential, filtered excerpts of Rise Brewing's financials and projections information showing Rise Brewing's confidential operations

November 8, 2022
Page 5

information, including costs, suppliers, product mix, marketing, sales, and investment information.

28. Exhibit 65 is a confidential Rule 408 communication between Rise Brewing and a third party reflecting a potential dispute and confidential resolution efforts.

The revenues, margins, expenses, capital raise, and business operations information reflected in Defendant's MSJ Filing is the highly confidential business information of Rise Brewing. Courts recognize that these types of materials are appropriately maintained under seal. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"). This district specifically recognizes that "forecasts, sales, inventory management, profit margins, etc." warrant confidential treatment. *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 CIV. 6100 (PKC), 2012 U.S. Dist. LEXIS 107801, 2012 WL 3114855, *16 (S.D.N.Y. July 31, 2012). Providing Rise Brewing's competitors with access to information regarding its revenues, expenses, margins, capital raised, and business operations, would be competitively detrimental to Rise Brewing. *See Au New Haven v. Ykk Corp.*, Civil Action No. 15-CV-03411 (GHW) (SN), 2021 U.S. Dist. LEXIS 193600, at *11 (S.D.N.Y. Sep. 25, 2021) (sealing exhibits showing defendant's "annual product line revenue, gross profit, and gross margin data"). Further, the expense and capital raise information contained in Defendant's MSJ Filing implicate the confidential business information of Rise Brewing's suppliers and investors, warranting confidential treatment by this Court. *See Kewazinga Corp. v. Google LLC*, 20-CV-1106 (LGS) 2020 WL 8224932, at *1, 2020 U.S. Dist. LEXIS 129585, at *3 (S.D.N.Y. July 22, 2020) (authorizing a document be filed under seal to protect "third-party confidential business information"). This information should therefore remain sealed.

A list of counsel who should be granted access to the sealed material is listed in Appendix 1.

Respectfully Submitted,

/s/ *Emily Chambers Welch*
Emily Chambers Welch
Counsel for Plaintiff RiseandShine
Corporation d/b/a Rise Brewing

November 8, 2022
Page 6

## **Appendix 1: List of Counsel Designated to Access**
## **"Outside Attorneys' Eyes Only" Information**

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation d/b/a Rise Brewing**
Jason Demian Rosenberg
Emily Chambers Welch
Holly Hawkins Saporito
Neal Joseph McLaughlin
Paul J. Tanck
Christopher McArdle
Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**
Allison W. Buchner
Dale Margaret Cendali
Diana Torres
Lauren Schweitzer
Maria Monica Beltran
Paul J. Reilly
Susan Cannon Kennedy
Monica H. Smith
Saghar Esfandiarifard
Luke Budiardjo