# ALSTON & BIRD

1201 West Peachtree Street
Atlanta, GA 30309
Tel: 404-881-7000 | Fax: 404-881-7777

**Emily Chambers Welch**  Direct Dial: **404-881-7159**  Email: **Emily.welch@alston.com**

November 29, 2022

**VIA E-FILE**

The Honorable Lorna G. Schofield
The Honorable Sarah L. Cave
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *RiseandShine Corp. d/b/a Rise Brewing v. PepsiCo, Inc.,* 1:21-cv-06324-LGS: Letter Motion Seal Rise Brewing's Motion to Strike Declaration of Thomas Britven

Dear Judges Schofield and Cave:

Pursuant to Section I.D.3 of the Court's Individual Rules and Procedures for Civil Cases ("Individual Rules"), Plaintiff RiseandShine Corporation d/b/a Rise Brewing ("Rise") respectfully submits this letter motion to file under seal portions of Rise Brewing's Letter Motion on its intention to file a Motion to Strike the Declaration of Thomas Britven ("Britven Declaration") (Dkt. 381, filed in redacted form at Dkt. 386). Rise Brewing's letter motion cites to the Britven Declaration which PepsiCo previously filed under seal[1], and cites to and attaches as exhibits the May 20, 2022 Report of Mr. Britven, and the July 18, 2022 transcript of the Deposition of Thomas Britven, each of which PepsiCo previously designated as Highly Confidential – Outside Attorneys' Eyes Only. Rise Brewing understands that PepsiCo will submit its own letter in support of confidential treatment, and Rise Brewing respectfully requests that the information contained in Rise Brewing's letter motion, and the attached exhibits, be given confidential treatment in the interim.

## I.   Legal Standard

While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to

---

[1] PepsiCo did not request permission from the Court to file the Britven Declaration under seal or in a redacted form. *See* Dkt. 377 (failing to mention or justify the need to seal the Britven Declaration). However, as Pepsi did file the Britven declaration under seal, Rise Brewing includes it in this letter motion.

Alston & Bird LLP                                                                                                       www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth.*, Ind., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

## II.     Sealing Justification

PepsiCo has designated its revenues, margins, expenses, and financial information reflected in the Britven Declaration, the May 20, 2022 Report of Mr. Britven, and the July 18, 2022 transcript as Highly Confidential, Outside Attorneys' Eyes Only material, and alleges that the same is the highly confidential business information of PepsiCo.  Courts recognize that these types of materials are appropriately maintained under seal. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"). This district specifically recognizes that "forecasts, sales, inventory management, profit margins, etc." warrant confidential treatment. *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 CIV. 6100 (PKC), 2012 U.S. Dist. LEXIS 107801, 2012 WL 3114855, *16 (S.D.N.Y. July 31, 2012). According to Pepsico, its financial information "is properly sealed because it is highly sensitive information which risks causing PepsiCo harm if made known to PepsiCo's competitors." Dkt. 377. Rise Brewing understands that PepsiCo thus contends this information should therefore remain sealed.

A list of counsel who should be granted access to the sealed material is listed in Appendix 1. Rise Brewing has served the letter on PepsiCo's counsel via ECF contemporaneously with this filing.

Respectfully Submitted,

/s/ *Emily Chambers Welch*
Emily Chambers Welch
Counsel for Plaintiff RiseandShine
Corporation d/b/a Rise Brewing

## Appendix 1: List of Counsel Designated to Access "Outside Attorneys' Eyes Only" Information

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation d/b/a Rise Brewing**
Jason Demian Rosenberg
Emily Chambers Welch
Holly Hawkins Saporito
Neal Joseph McLaughlin
Paul J. Tanck
Christopher McArdle
Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**
Allison W. Buchner
Dale Margaret Cendali
Diana Torres
Lauren Schweitzer
Maria Monica Beltran
Paul J. Reilly
Susan Cannon Kennedy
Monica H. Smith
Saghar Esfandiarifard
Luke Budiardjo