# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Lauren J. Schweitzer<br>To Call Writer Directly:<br>+1 213 680 8252<br>lauren.schweitzer@kirkland.com | 555 South Flower Street<br>Los Angeles, CA 90071<br>United States<br>+1 213 680 8400<br>www.kirkland.com | Facsimile:<br>+1 213 680 8500 |

December 1, 2022

**VIA CM/ECF**

      Re:    *RiseandShine Corp. v. PepsiCo, Inc.*, 1:21-cv-6324 (LGS)

Dear Judge Schofield:

      Pursuant to Section I.G. of the Court's Individual Practices in Civil Cases ("Individual Rules"), Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this letter motion to maintain under seal Rise Brewing's Letter Motion on its intention to file a Motion to Strike the Declaration of Thomas Britven ("Brief") as well as the attached excerpts from the Declaration of Thomas Britven (Dkt. 381, redacted version at Dkt. 386) ("Britven Declaration), the May 20, 2022 Report of Thomas Britven ("Britven Report") and the July 18, 2022 Deposition of Thomas Britven ("Britven Deposition").

      The redacted information in the Brief, the Britven Declaration, the Britven Report and the Britven Deposition describe and cite to documents that PepsiCo has designated with one of the confidentiality designations under the Protective Order, and the exhibits were designated with one of the confidentiality designations under the Protective Order.

      **Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

      Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

      **Sealing Justification:** The materials sought to be sealed describe and cite to information about the financial performance of PepsiCo's Mtn Dew Rise Energy product, which PepsiCo has designated as OUTSIDE ATTORNEYS' EYES ONLY. More specifically:

- RBC's letter brief (Dkt. 393) discusses the methodologies employed to calculate PepsiCo's profit/loss data for Mtn Dew Rise Energy and PepsiCo's expert's testimony thereon;

- Exhibit 1 (Dkt. 393-1) includes a full revenue accounting for PepsiCo's Mtn Dew Rise Energy and discussions of the costs included in PepsiCo's profit/loss accounting; and

- Exhibit 2 (Dkt. 393-2) discusses the costs included in PepsiCo's profit/loss accounting, PepsiCo's accounting practices, and methodologies employed to calculate those numbers.

This information is properly sealed because it is highly sensitive information which risks causing PepsiCo harm if made known to PepsiCo's competitors. PepsiCo does not publicly report information of this type and ordinarily keeps it confidential given its competitive sensitivity. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing information relating to financial performance to be filed under seal). Sensitive financial information of this nature is properly filed under seal. *Id.*

A list of counsel who should be granted access to the sealed material is listed in Appendix 1. PepsiCo has served the letter on Plaintiff's counsel via ECF contemporaneously with this filing.

Sincerely

*s/ Lauren J. Schweitzer*

Lauren J. Schweitzer

KIRKLAND & ELLIS LLP

December 1, 2022
Page 3

## Appendix 1: List of Parties and Counsel

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation, *doing business as* Rise Brewing**

    Jason Demian Rosenberg
    Christopher Louis McArdle
    Emily Chambers Welch
    Holly Hawkins Saporito
    Neal Joseph McLaughlin
    Paul J. Tanck
    Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**

    Dale Margaret Cendali
    Allison W. Buchner
    Diana Torres
    Lauren Schweitzer
    Luke Budiardjo
    Maria Monica Beltran
    Monica H. Smith
    Paul J. Reilly
    Saghar Esfandiarifard
    Susan Cannon Kennedy