# ALSTON & BIRD

1201 West Peachtree Street
Atlanta, GA 30309
Tel: 404-881-7000 | Fax: 404-881-7777

**Emily Chambers Welch**　　　　　　Direct Dial: **404-881-7159**　　　　　　Email: **Emily.welch@alston.com**

December 1, 2022

**VIA E-FILE**

The Honorable Lorna G. Schofield
The Honorable Sarah L. Cave
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:　*RiseandShine Corp. d/b/a Rise Brewing v. PepsiCo, Inc.,* 1:21-cv-06324-LGS: Letter Motion Seal Rise's Opposition to PepsiCo's Motion for Summary Judgment, and Associated Documents

Dear Judges Schofield and Cave:

　　Pursuant to Section I.D.3 of the Court's Individual Rules and Procedures for Civil Cases ("Individual Rules"), Plaintiff RiseandShine Corporation d/b/a Rise Brewing ("Rise") respectfully submits this letter motion to file under seal portions of Rise Brewing's Opposition to PepsiCo's Motion for Summary Judgment ("MSJ Opp."), as well as Exhibits 1-3, 5, 7-11, 14-15, 19-21, 23, 25-26, 29-33, 39-40, 42-52, 56-58, and 60-65, portions of the declaration of Grant Gyesky, portions of Rise's Response to Defendant's Rule 56.1 Statement of Undisputed Facts ("56.1 Opp."), and portions of Rise's Rule 56.1 Statement of Additional Material Facts ("56.1 Additional"). The information in the MSJ Opp., 56.1 and Opp., 56.1 Additional, cites to the confidential information of the Welch Exhibits and Gyesky Declaration, and reflects the confidential information of the producing party, including information that the producing party has designated with one of the confidentiality designations under the Protective Order.

## I.　Legal Standard

　　While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co*.,

Alston & Bird LLP　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth.*, Ind., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Encyclopedia Brown Prods. Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-12 (S.D.N.Y. 1998) (confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice.") Further, business development materials, such as marketing materials, research and development, and market research, are recognized as appropriate materials for confidential treatment. *E.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276459, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal materials on business operations and product development).

## II. Sealing Justification

**Rise Information** (MSJ Opp., 56.1 Opp., 56.1 Additional, Gyesky Declaration, Welch Exs. 5, 10-11, 15, 19, 33, 42-43, 47, 49-50, 52, 56-58, 61-62, 65). Rise's MSJ Opp., 56.1 Opp., 56.1 Additional, Gyesky Declaration, Welch Exs. 5, 11, 15, 17-19, 33, 42-43, 47, 49-50, 52, 56-58, 61-62, and 65 disclose confidential, sensitive business information, as detailed below, including internal non-public financials, business strategy, product design, and investment materials. Disclosure would allow competitors access to Rise's confidential and sensitive business information, and harm Rise's ability to compete in the future.

1. The Gyesky declaration contains highly sensitive, confidential strategy, financial performance data, projection data, and investor and capital raise information related to Rise's operations.

2. Exhibits 5 and 33 are excerpts of confidential investor presentations and contain highly sensitive strategy, product development, financial performance, projections, and investor and capital raise information related to Rise's operations.

3. Exhibits 10 and 11 are confidential Rise internal communications, and contain the contact information of third parties, such as phone numbers, which is of minimal relevance to this case, and exposes those third-parties to unnecessary risk of harassment.

4. Exhibit 15 is communications with one of Rise's investors, the identity of whom as an investor, remains confidential, highly sensitive information.

5. Exhibit 19 is excerpts from the deposition transcript of Rise's CEO Grant Geysky, which contains Rise's highly confidential operations and financial information, as well as the identity of Rise investors, which remains confidential, highly sensitive information.

6. Exhibits 42 and 57 are excerpts of Rise presentations containing the highly confidential market research, operations, and customer research of Rise relating to its products, market, and competitors.

7. Exhibits 43 and 65 are confidential Rise communications discussing product development and research and development regarding not-yet-launched products of Rise Brewing.

8. Exhibit 47 is excerpts of the Opening Report of Brett Reed, submitted by Rise in this case, and contains highly confidential information regarding Rise' capital raise efforts, business opportunities, operations, projections, and financials.

9. Exhibit 49 is excerpts of the Rebuttal Report of Brett Reed, submitted by Rise in this case, and contains highly confidential information regarding Rise' business opportunities, operations, projections, and financials.

10. Exhibit 50 is excerpts of the Report of Russell Winer, PhD, and contains highly confidential information regarding Rise's operations, marketing, and financials.

11. Exhibit 52 is excerpts from Rise's First Amended Responses and Objections to Defendant PepsiCo, Inc.'s Third Set of Interrogatories, which contains highly confidential information regarding Rise's capital raise efforts, operations, and financials.

12. Exhibit 56 is excerpts from a version of Rise's financial modeling documents, which contains highly confidential information regarding Rise's financials and operations.

13. Exhibit 58 is an internal Rise document reflecting Rise's financials, operations, and market research.

14. Exhibit 61 is a communication between Rise and a potential investor, the identity of whom is confidential.

15. Exhibit 62 is a communication between Rise, an investment advisor, and a potential Rise investor, containing highly confidential information regarding Rise's capital raise efforts, and reflecting the identity of Rise investors, which remains confidential.

**PepsiCo Information** (MSJ Opp., 56.1 Opp., 56.1 Additional, Welch Exs. 1-3, 7-9, 14, 20-21, 23, 25-26, 29-32, 39-40, 44-46, 47-51, 63). In accordance with Section I.D.3 of these Court's Individual Rules, PepsiCo bears the burden of persuasion on the necessity

December 1, 2022
Page 4

of sealing these exhibits and discussions of information in these exhibits in the MSJ Opp. 56.1 Opp., and 56.1 Additional. PepsiCo is to file a letter within two business days of this motion explaining why the below information should be filed under seal.

1. Exhibits 1, 2, 3, 7, 44, 45, and 63 are PepsiCo communications which PepsiCo has designated Outside Attorneys' Eyes Only. Rise understands that PepsiCo thus contends this information should be filed under seal.

2. Exhibits 9, 29-31, 39, 40, 46, and 51 are excerpts of PepsiCo documents and presentations which PepsiCo has designated Attorneys' Eyes Only. Rise understands that PepsiCo thus contends this information should be filed under seal.

3. Exhibit 32 is a still from a native video produced by PepsiCo with the confidentiality designation of Outside Attorneys' Eyes Only. Rise understands that PepsiCo thus contends this information should be filed under seal.

4. Exhibit 48 is an excerpts from PepsiCo presentation which PepsiCo has designated Outside Attorneys' Eyes Only. Rise understands that PepsiCo thus contends this information should be filed under seal.

5. Exhibits 20 (Collis), 21 (Aquino), 23 (Welsh), 25 (Britven), and 26 (Ezell), are excerpts from the deposition transcripts of various PepsiCo witnesses and experts, portions of which PepsiCo has designated as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only. Rise understands that PepsiCo thus contends this information should be filed under seal.

6. Exhibit 47 is excerpts from the opening report of Brett Reed, submitted by Rise, which contains information PepsiCo has designated as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only. Rise understands that PepsiCo thus contends this information should be filed under seal.

7. Exhibit 49 is excerpts from the rebuttal report of Brett Reed, submitted by Rise, which contains information PepsiCo has designated as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only. Rise understands that PepsiCo thus contends this information should be filed under seal.

8. Exhibit 50 is excerpts from the opening report of Russell Winer, PhD, submitted by Rise, which contains information PepsiCo has designated as Confidential, Attorneys' Eyes Only, or Outside Attorneys' Eyes Only. Rise understands that PepsiCo thus contends this information should be filed under seal.

A list of counsel who should be granted access to the sealed material is listed in Appendix 1. Rise Brewing has served the letter on PepsiCo's counsel via ECF contemporaneously with this filing.

December 1, 2022
Page 5

                                              Respectfully Submitted,

                                              /s/ *Emily Chambers Welch*
                                              Emily Chambers Welch
                                              Counsel for Plaintiff RiseandShine
                                              Corporation d/b/a Rise Brewing

## Appendix 1: List of Counsel Designated to Access "Outside Attorneys' Eyes Only" Information

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation d/b/a Rise Brewing**
Jason Demian Rosenberg
Emily Chambers Welch
Holly Hawkins Saporito
Neal Joseph McLaughlin
Paul J. Tanck
Christopher McArdle
Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**
Allison W. Buchner
Dale Margaret Cendali
Diana Torres
Lauren Schweitzer
Maria Monica Beltran
Paul J. Reilly
Susan Cannon Kennedy
Monica H. Smith
Saghar Esfandiarifard
Luke Budiardjo