BAKER BOTTS L.L.P.

2001 ROSS AVENUE
SUITE 900
DALLAS, TEXAS
75201-2980

TEL +1 214.953.6500
FAX +1 214.953.6503
BakerBotts.com

AUSTIN
BRUSSELS
**DALLAS**
DUBAI
HOUSTON
LONDON
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
WASHINGTON

December 5, 2022

**VIA CM/ECF**

Monica Hughes Smith
TEL: 2149536929
FAX: 2146614929
monica.smith@bakerbotts.com

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *RiseandShine Corp. d/b/a Rise Brewing v. PepsiCo, Inc.*, 1:21-CV-06324 (LGS)

Dear Judge Schofield:

Pursuant to Section I.D.3 of the Court's Individual Rules and Procedures in Civil Cases ("Individual Rules"), Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this letter motion in support of Plaintiff RiseandShine Corp. d/b/a Rise Brewing's ("Rise Brewing") letter motion to file under seal Rise Brewing's Opposition to PepsiCo's Motion for Summary Judgment ("Opposition"). As noted by Rise Brewing in its letter motion (Dkt. 397), Rise Brewing's Opposition and supporting materials describe, cite to, and include documents that PepsiCo has designated with one of the confidentiality designations under the Protective Order, and which reflect confidential information of PepsiCo, as described more fully below. PepsiCo respectfully requests that this Court grant confidential treatment to protect its confidential information from public disclosure.

**Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification:** Plaintiff's Opposition, Rule 56.1 Statement, Response to PepsiCo's Rule 56.1 Statement, and Exhibits 1-3, 7-9, 14, 20-21, 23, 25-26, 29-32, 39-40, 44-46, 47-51, and

63 to the Declaration of Emily Welch, either describe, cite to, or otherwise contain confidential information of PepsiCo. PepsiCo submits the following sealing justifications for the information presented therein, organized by underlying exhibit. PepsiCo respectfully submits that the sealing justifications presented for each exhibit correspond with the sealing justification to the discussion of those exhibits presented within Plaintiff's Opposition, Rule 56.1 Statement, and Response to PepsiCo's Rule 56.1 Statement.

1. Exhibit 1 is an internal PepsiCo communication containing confidential information related to PepsiCo's investment and venturing strategies.

2. Exhibit 2 is an internal PepsiCo communication containing confidential information related to PepsiCo's investment and venturing strategies.

3. Exhibit 3 is an internal PepsiCo communication reflecting confidential information regarding PepsiCo's internal pre-launch design process for its Mtn Dew Rise Energy product.

4. Exhibit 7 is an internal PepsiCo communication reflecting confidential potential name ideas for PepsiCo's energy drink that have not been publicly used.

5. Exhibit 8 is an excerpt from the deposition of PepsiCo witness Carl Gerhards, which contains highly confidential information regarding PepsiCo's internal pre-launch design process for its Mtn Dew Rise Energy product.

6. Exhibit 9 is an excerpt from an internal PepsiCo marketing presentation reflecting confidential potential design ideas that have not been publicly used.

7. Exhibit 14 is a report from PepsiCo Consumer Relations reflecting a confidential consumer inquiry regarding PepsiCo's Mtn Dew Rise Energy product.

8. Exhibit 20 is an excerpt from the deposition of PepsiCo witness Ryan Collis, which contains confidential information related to the North American Coffee Partnership's internal financial accounting processes.

9. Exhibit 21 is excerpts from the deposition of PepsiCo witness Matthieu Aquino, which contains confidential information regarding PepsiCo's internal naming and design process for its Mtn Dew Rise Energy product.

10. Exhibit 23 is an excerpt from the deposition of PepsiCo witness Bryan Welsh, which contains confidential information related to internal PepsiCo marketing presentations and strategic plans.

11. Exhibit 25 is excerpts from the deposition of PepsiCo expert Thomas Britven, which contains confidential information concerning PepsiCo's internal accounting processes and

financial data, including for PepsiCo's Mtn Dew Rise Energy product.

12. Exhibit 26 is excerpts from the deposition of PepsiCo expert Matthew Ezell, which contains confidential information related to PepsiCo's compensation of Mr. Ezell.

13. Exhibit 29 is an excerpt from an internal PepsiCo marketing document that contains confidential information about strategies and guidelines for PepsiCo's marketing campaign for Mtn Dew Rise Energy.

14. Exhibit 30 is an excerpt from an internal PepsiCo presentation containing confidential sales data, marketing spend data, and marketing impressions data for PepsiCo's Mtn Dew Rise Energy product.

15. Exhibit 31 is an internal PepsiCo document reflecting confidential information regarding marketing strategy and market research for PepsiCo's Mtn Dew Rise Energy product.

16. Exhibit 32 is a still from an unreleased advertisement for PepsiCo's Mtn Dew Rise Energy product which contains confidential design ideas that have not been publicly used.

17. Exhibit 39 is an excerpt from an internal PepsiCo presentation containing confidential marketing strategy and market research for PepsiCo's Mtn Dew Rise Energy product.

18. Exhibit 40 is an excerpt from an internal PepsiCo document containing confidential market research data collected at PepsiCo's direction.

19. Exhibit 44 is an internal PepsiCo communication containing confidential information related to PepsiCo's investment and venturing strategies.

20. Exhibit 45 is an internal PepsiCo communication containing confidential information related to PepsiCo's investment and venturing strategies.

21. Exhibit 46 is an excerpt from an internal PepsiCo presentation reflecting confidential market research and packaging strategies.

22. Exhibit 47 is excerpts from the expert report of Rise Brewing expert Brett Reed containing confidential marketing strategy and sales data related to PepsiCo's Mtn Dew Rise Energy product.

23. Exhibit 48 is an excerpt from an internal PepsiCo presentation containing confidential financial performance data for PepsiCo's Energy business.

24. Exhibit 49 is excerpts from the rebuttal expert report of RBC expert Brett Reed containing confidential financial data related to PepsiCo's Mtn Dew Rise Energy product and the North American Coffee Partnerships's Starbucks Nitro Cold Brew product.

25. Exhibit 50 is excerpts from the expert report of RBC expert Russell Winer containing confidential information related to PepsiCo's marketing strategy and marketing impressions data for its Mtn Dew Rise Energy product.

26. Exhibit 51 is an internal PepsiCo document containing confidential marketing impressions data for its Mtn Dew Rise Energy product.

27. Exhibit 63 is an internal PepsiCo communication containing confidential information related to PepsiCo's investment and venturing strategies.

The business information described above, including non-public design, marketing, and branding development and internal strategy, is all highly confidential information of PepsiCo. Disclosure would allow competitors access to PepsiCo's internal design ideas, branding ideas, confidential research, and internal strategies, which may harm PepsiCo's ability to compete in the future. Courts recognize that these types of materials are appropriately maintained under seal. *See, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information related to testing, qualitative market research, and research and development for new products); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting that "material concerning the defendants' marketing strategies [and] product development" were "highly proprietary" and could "remain under seal"). In addition, the information about the financial performance of PepsiCo's Mtn Dew Rise Energy product described above is highly confidential information of PepsiCo. PepsiCo does not publicly report information of this type and ordinarily keeps it confidential given its competitive sensitivity. This information is properly sealed because it is highly sensitive information which risks causing PepsiCo harm if made known to PepsiCo's competitors. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing information relating to financial performance to be filed under seal); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16-17 (S.D.N.Y. July 31, 2012) (same).

A list of counsel who should be granted access to the sealed material is listed in Appendix 1. PepsiCo has served this letter on Plaintiff Rise Brewing's counsel via ECF contemporaneously with this filing.

Respectfully submitted,

*/s/ Monica Hughes Smith*
Monica Hughes Smith

**Appendix 1: List of Parties and Counsel**

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation, *doing business as* Rise Brewing**

Jason Demian Rosenberg
Christopher Louis McArdle
Emily Chambers Welch
Holly Hawkins Saporito
Neal Joseph McLaughlin
Paul J. Tanck
Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**

Dale Margaret Cendali
Allison W. Buchner
Diana Torres
Lauren Schweitzer
Luke Budiardjo
Maria Monica Beltran
Monica H. Smith
Paul J. Reilly
Saghar Esfandiarifard
Susan Cannon Kennedy