# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Lauren J. Schweitzer
To Call Writer Directly:
+1 213 680 8252
lauren.schweitzer@kirkland.com

555 South Flower Street
Los Angeles, CA 90071
United States
+1 213 680 8400
www.kirkland.com

Facsimile:
+1 213 680 8500

December 1, 2022

**VIA CM/ECF**

      Re:    *RiseandShine Corp. v. PepsiCo, Inc.*, 1:21-cv-6324 (LGS)

Dear Judge Schofield:

      Pursuant to Section I.G. of the Court's Individual Practices in Civil Cases ("Individual Rules"), Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this letter motion to file under seal Pepsi's Opposition to Rise Brewing's Letter Motion on its intention to file a Motion to Strike the Declaration of Thomas Britven ("Brief") as well as excerpts of Exhibits A through C ("Exhibits") attached to my supporting Declaration ("Schweitzer Declaration").

      The redacted information in the Brief and Exhibits describe and cite to documents that PepsiCo has designated with one of the confidentiality designations under the Protective Order, and the exhibits were designated with one of the confidentiality designations under the Protective Order.

      **Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

      Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

      **Sealing Justification:** The materials sought to be sealed describe and cite to information about the financial performance of PepsiCo's Mtn Dew Rise Energy product, which PepsiCo has designated as OUTSIDE ATTORNEYS' EYES ONLY. More specifically:

- Pepsi's Brief discusses the methodologies employed to calculate PepsiCo's profit/loss data for Mtn Dew Rise Energy and PepsiCo's expert's testimony thereon.

**KIRKLAND & ELLIS LLP**

December 1, 2022
Page 2

- Exhibit A contains excerpts of Mr. Britven's initial expert report, which discuss PepsiCo's revenues and costs included in its profit/loss accounting for Mtn Dew Rise Energy as well as Mr. Britven's analysis thereof.

- Exhibit B contains excerpts from the deposition of Jennifer Tousginant, which discuss PepsiCo's accounting practices as well as its profit/loss accounting for Mtn Dew Rise Energy.

- Exhibit C contains excerpts from the deposition of Mr. Britven, which discuss PepsiCo's accounting practices as well as its profit/loss accounting for Mtn Dew Rise Energy and Mr. Brtiven's analysis thereof.

This information is properly sealed because it is highly sensitive information which risks causing PepsiCo harm if made known to PepsiCo's competitors. PepsiCo does not publicly report information of this type and ordinarily keeps it confidential given its competitive sensitivity. *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing information relating to financial performance to be filed under seal). Sensitive financial information of this nature is properly filed under seal. *Id.*

A list of counsel who should be granted access to the sealed material is listed in Appendix 1. PepsiCo has served the letter on Plaintiff's counsel via ECF contemporaneously with this filing.

Sincerely

 *s/ Lauren J. Schweitzer*

Lauren J. Schweitzer

KIRKLAND & ELLIS LLP

December 1, 2022
Page 3

## Appendix 1: List of Parties and Counsel

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation,** *doing business as* **Rise Brewing**

    Jason Demian Rosenberg
    Christopher Louis McArdle
    Emily Chambers Welch
    Holly Hawkins Saporito
    Neal Joseph McLaughlin
    Paul J. Tanck
    Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**

    Dale Margaret Cendali
    Allison W. Buchner
    Diana Torres
    Lauren Schweitzer
    Luke Budiardjo
    Maria Monica Beltran
    Monica H. Smith
    Paul J. Reilly
    Saghar Esfandiarifard
    Susan Cannon Kennedy