# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Lauren J. Schweitzer<br>To Call Writer Directly:<br>+1 213 680 8252<br>lauren.schweitzer@kirkland.com | 555 South Flower Street<br>Los Angeles, CA 90071<br>United States<br>+1 213 680 8400<br>www.kirkland.com | Facsimile:<br>+1 213 680 8500 |

December 14, 2022

**VIA CM/ECF**

Re:   *RiseandShine Corp. v. PepsiCo, Inc.*, 1:21-cv-6324 (LGS)

Dear Judge Schofield:

Pursuant to Section I.D.3 of the Court's Individual Practices in Civil Cases ("Individual Rules"), Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this letter motion to file under seal Defendant PepsiCo, Inc.'s Letter Motion to Strike the Gyesky Declaration ("Letter Motion") as well as Exhibits B, C, and D to the Letter Motion.

The redacted information in the Letter Motion describes and cites to documents that Plaintiff RiseandShine Corp. d/b/a Rise Brewing ("RBC") has designated with one of the confidentiality designations under the Protective Order, and Exhibit B to the Motion was designated by RBC as Outside Attorneys' Eyes Only under the Protective Order.

**Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification – Information RBC Has Designated Under the Protective Order:** The Letter Motion describes and cites to the following documents that RBC has designated with one of the confidentiality designations under the Protective Order:

1. Dkt. 30: Declaration of Grant Gyesky in Support of RBC's Preliminary Injunction Motion – Designated as Confidential.

2. Dkt. 404-52: RBC's First Amended Responses and Objections to PepsiCo's Third Set of Interrogatories – Designated Outside Attorneys' Eyes Only.

**KIRKLAND & ELLIS LLP**

December 14, 2022
Page 2

3. Dkt. 406: Declaration of Grant Gyesky in Support of RBC's Opposition to PepsiCo's Motion for Summary Judgment – Filed Under Seal.

4. Dkt. 308: Deposition of Grant Gyesky – Designated as Confidential or higher.

5. Dkt. 382-21: Excerpt of Brett Reed Opening Report – Designated Outside Attorneys' Eyes Only.

6. Dkt. 382-11: Excerpt of Brett Reed Deposition – Designated as Confidential or higher.

7. Dkt. 382-49: Excerpt of RISE0020905 – Designated Outside Attorneys' Eyes Only.

8. Dkt. 379 at 21-24: PepsiCo's Motion for Summary Judgment at 21-24, which itself cites various exhibits marked Confidential or higher by RBC.

Exhibit B to the Letter Motion is a document produced by RBC with bates stamp RISE0023776 that RBC designated as Outside Attorneys' Eyes Only. Exhibit C to the Letter Motion is an excerpt of a spreadsheet produced by RBC with bates stamp RISE0027286 that RBC designated as Outside Attorneys' Eyes Only. Exhibit D to the Letter Motion is an excerpt of a spreadsheet produced by RBC with bates stamp RISE0028806 that RBC designated as Outside Attorneys' Eyes Only.

In accordance with Section I.D.3 of the Court's Individual Rules, RBC bears the burden of persuasion on the necessity of sealing the information discussed and cited above in the Letter Motion and Exhibit B to the Letter Motion; RBC must file a letter within two business days of this motion explaining why the information should be filed under seal.

A list of counsel who should be granted access to the sealed material is listed in Appendix 1. PepsiCo has served the letter on RBC's counsel via ECF contemporaneously with this filing.

Sincerely

*/s/ Lauren J. Schweitzer*

Lauren J. Schweitzer

KIRKLAND & ELLIS LLP

December 14, 2022
Page 3

## Appendix 1: List of Parties and Counsel

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation, *doing business as* Rise Brewing**

    Jason Demian Rosenberg
    Christopher Louis McArdle
    Emily Chambers Welch
    Holly Hawkins Saporito
    Neal Joseph McLaughlin
    Paul J. Tanck
    Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**

    Dale Margaret Cendali
    Allison W. Buchner
    Diana Torres
    Lauren Schweitzer
    Luke Budiardjo
    Maria Monica Beltran
    Monica H. Smith
    Paul J. Reilly
    Saghar Esfandiarifard
    Susan Cannon Kennedy