# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Lauren J. Schweitzer<br>To Call Writer Directly:<br>+1 213 680 8252<br>lauren.schweitzer@kirkland.com | 555 South Flower Street<br>Los Angeles, CA 90071<br>United States<br>+1 213 680 8400<br>www.kirkland.com | Facsimile:<br>+1 213 680 8500 |

December 14, 2022

**VIA CM/ECF**

Re:  *RiseandShine Corp. v. PepsiCo, Inc.*, 1:21-cv-6324 (LGS)

Dear Judge Schofield:

Pursuant to Section I.D.3 of the Court's Individual Practices in Civil Cases ("Individual Rules"), Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this letter motion to file under seal Defendant PepsiCo, Inc.'s Reply in Support of its Motion for Summary Judgment ("MSJ Reply") as well as Exhibits 76-85, and 87-90; the Declaration of Lauren J. Schweitzer ("LJS Declaration"); PepsiCo's Response to (1) New Facts Presented in Plaintiff's Response to PepsiCo's Rule 56.1 Statement, and (2) Plaintiff's Rule 56.1 Statement of Additional Material Facts ("Rule 56.1 Submission"); and PepsiCo's Evidentiary Objections to the Declaration of Grant Gyesky ("Evidentiary Objections").

The redacted information in the MSJ Reply, the LJS Declaration, Rule 56.1 Submission, and Evidentiary Objections describe and cite to documents that either PepsiCo or RiseandShine Corp. d/b/a Rise Brewing ("RBC") has designated with one of the confidentiality designations under the Protective Order, and the exhibits were designated with one of the confidentiality designations under the Protective Order.

**Legal Standard:**  While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute, and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification – PepsiCo Information (MSJ Reply, Rule 56.1 Submission, Exs. 76, 77, 80, 82, and 87-89):** the MSJ Reply, Rule 56.1 Submission, and Exhibits 76, 77, 80, 82, and 87-89 either describe, cite to, or otherwise contain confidential information of PepsiCo or the North American Coffee Partnership ("NACP"). PepsiCo submits the following sealing

KIRKLAND & ELLIS LLP

December 14, 2022
Page 2

justifications for the information presented therein, organized by underlying exhibit. PepsiCo respectfully submits that the sealing justifications presented for each exhibit correspond with the sealing justification to the discussion of those exhibits presented within the MSJ Reply and Rule 56.1 Submission.

1. Exhibit 76 is an excerpt from the deposition of PepsiCo witness Ryan Collis containing confidential information related to the NACP's internal pricing and packaging strategies.

2. Exhibit 77 is an excerpt from the deposition of PepsiCo witness Carl Gerhards containing confidential information related to PepsiCo's internal design processes and confidential potential name ideas for PepsiCo's energy drink that have not been publicly used.

3. Exhibit 80 is an excerpt from the deposition of PepsiCo witness Jennifer Tousignant containing confidential information related to the financial performance of PepsiCo's Mtn Dew Rise Energy product.

4. Exhibit 82 is an excerpt from the rebuttal expert report of RBC expert Brett Reed which contains confidential information related to the financial performance of PepsiCo's Mtn Dew Rise Energy product and the NACP's Starbucks Nitro Cold Brew product.

5. Exhibit 87 is email correspondence that contains confidential information related to the NACP's internal pricing and packaging strategies.

6. Exhibit 88 is an excerpt of an internal presentation that contains confidential information related to the NACP's internal pricing and packaging strategies.

7. Exhibit 89 is an excerpt from PepsiCo's Supplemental Response to Interrogatory No. 2 which contains confidential information related to PepsiCo marketing and sales strategy.

The business information described above, including non-public design, marketing, and branding development and internal strategy, is all highly confidential information of PepsiCo or the NACP. Disclosure would allow competitors access to PepsiCo's or the NACP's internal design ideas, branding ideas, confidential research, and internal strategies, which may harm PepsiCo's or the NACP's ability to compete in the future. Courts recognize that these types of materials are appropriately maintained under seal. *See, e.g.*, *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting motion to seal information related to testing, qualitative market research, and research and development for new products); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (noting that "material concerning the defendants' marketing strategies [and] product development" were "highly proprietary" and could "remain under seal"). In addition, the information about the financial performance of the Mtn Dew Rise Energy product and the Starbucks Nitro Cold Brew product described above is highly confidential information. PepsiCo and the NACP do not publicly report information of this type and ordinarily keep it confidential given its competitive sensitivity. This information is properly sealed because it is highly sensitive information which risks causing PepsiCo or the NACP harm if made known to PepsiCo's or the NACP's competitors.

**KIRKLAND & ELLIS LLP**

December 14, 2022
Page 3

*See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing information relating to financial performance to be filed under seal); *Avocent Redmond Corp. v. Raritan Americas, Inc.*, 2012 WL 3114855, at *16-17 (S.D.N.Y. July 31, 2012) (same).

**RBC Information (MSJ Reply, LJS Declaration, Rule 56.1 Submission, Evidentiary Objections, Exs. 78-79, 81, 83-85, 90):** Exhibits 78 and 79 are excerpts of deposition testimony that RBC's counsel has designated as Confidential or higher under the protective order; Exhibit 81 is an excerpt from the expert report of PepsiCo expert Edward Fox, which contains information about RBC's revenues that was designated as Outside Attorneys' Eyes Only by RBC's counsel and a chart that includes information from an RBC production document that was designated Outside Attorneys' Eyes Only by RBC's counsel; Exhibit 83 is an excerpt of an RBC document produced by an investor of RBC and designated by the investor's counsel as Attorneys' Eyes Only; Exhibits 84, 85 and 90 are documents or excerpts of documents that were designated as Outside Attorneys' Eyes Only by RBC's counsel; and Paragraph 6 of the LJS Declaration is a list of investors discussed in Grant Gyesky's deposition; that testimony was designated Outside Attorneys' Eyes Only by RBC's counsel. Any discussions of and citations to this evidence in the MSJ Reply, Rule 56.1 Submission, and Evidentiary Objections have also been filed under seal. In addition, the Evidentiary Objections describe and cite to the Gyesky Declaration (Dkt. 406), which RBC filed under seal, and Dkts. 382-46, 382-52, 382-53, 382-58, and 382-62, which are all production documents that RBC designated at Outside Attorneys' Eyes Only.

In accordance with Section I.D.3 of the Court's Individual Rules, RBC bears the burden of persuasion on the necessity of sealing the RBC Information; RBC must file a letter within two business days of this motion explaining why the information should be filed under seal. And as explained in PepsiCo's Letter Motion to Seal its Motion for Summary Judgment (Dkt. 377), the burden of persuasion for sealing, especially as to the limited excerpts discussed in PepsiCo's filings, will be difficult for RBC to carry. RBC has already chosen to make public statements about many of the issues reflected in these documents, including its fundraising history, investors' rationale and interest in trademarks, RBC's financial condition, and the cause of RBC's financial condition. *See* Dkt. 377 at 3-4.

A list of counsel who should be granted access to the sealed material is listed in Appendix 1. PepsiCo has served the letter on Plaintiff's counsel via ECF contemporaneously with this filing.

Sincerely

*/s/ Lauren J. Schweitzer*

Lauren J. Schweitzer

**KIRKLAND & ELLIS LLP**

December 14, 2022
Page 4

## Appendix 1: List of Parties and Counsel

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation,** *doing business as* **Rise Brewing**

> Jason Demian Rosenberg
> Christopher Louis McArdle
> Emily Chambers Welch
> Holly Hawkins Saporito
> Neal Joseph McLaughlin
> Paul J. Tanck
> Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**

> Dale Margaret Cendali
> Allison W. Buchner
> Diana Torres
> Lauren J. Schweitzer
> Luke Budiardjo
> Maria Monica Beltran
> Monica H. Smith
> Paul J. Reilly
> Saghar Esfandiarifard
> Susan Cannon Kennedy