# ALSTON & BIRD

1201 West Peachtree Street
Atlanta, GA 30309
Tel: 404-881-7000 | Fax: 404-881-7777

**Emily Chambers Welch**  Direct Dial: **404-881-7159**  Email: **emily.welch@alston.com**

December 21, 2022

**VIA E-FILE**

The Honorable Lorna G. Schofield
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

Re:   *RiseandShine Corp. d/b/a Rise Brewing v. PepsiCo, Inc.,* 1:21-cv-06324-LGS:
Letter Motion to Seal Rise's Response to Pepsi's Letter Request at Dkt. 422

Dear Judge Schofield:

Pursuant to Section I.D.3 of the Court's Individual Rules and Procedures for Civil Cases ("Individual Rules"), Plaintiff RiseandShine Corporation d/b/a Rise Brewing ("Rise") respectfully submits this letter motion seeking leave to seal portions of its Response to Pepsi's Letter Request at Dkt. 422 ("Rise's Response") as well as Exhibit A to Rise's Response. Rise's Response and Exhibit A thereto cites to and includes Rise's confidential information, which Rise previously designated with a confidentiality designation pursuant to the protective order of this Court. Rise respectfully requests that this Court grant confidential treatment to the redactions made in Rise's Response, and Exhibits A, to protect Rise's confidential information as identified below.

### I.   Legal Standard

While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co*., 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from disclosure certain information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp*.,

Alston & Bird LLP                                                                                                              www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Std. Inv. Chtd., Inc. v. Fin. Indus. Regulatory Auth.*, Ind., 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification**

Rise's Response describes and cites to documents that Rise has designated with one of the confidentiality designations under the Protective Order. Rise addresses the confidential nature of the information in the Rise Response based on the underlying confidential documents, and requests that both the underlying documents (many of which are additionally addressed in previous letter motions requesting confidential treatment) and the discussion thereof in the Rise Response, be sealed.

1. Dkt. 406: Declaration of Grant Gyesky contains confidential business information, including investment, revenues, profits, and operational details, of Rise, as well as the confidential identity of Rise's investors. Rise's Response incorporates such confidential business information and capital raise details.

2. Dkt. 308: The entirety of the deposition of Grant Gyesky, contains confidential business information, including revenues, margins, operational details, capital raise details, and the identification of third party investors in Rise, which remain confidential. Rise's Response incorporates such confidential business information and capital raise details.

3. Dkt. 422, Ex. C and D (Dkt. 423-3 and 423-4): Excerpts of Rise's confidential financial information reflecting costs and potential business opportunities with third parties, whose identities remain confidential.

4. Exhibit A: Excerpts of Rise's Responses and Objections to PepsiCo's Third Set of Interrogatories, showing Rise's full response and objection to Interrogatory No. 25, served on April 29, 2022, reflecting Rise's confidential business information, including operational details and capital raise details. Rise's Response incorporates such confidential business information and capital raise details.

The operational details and capital raise and investment information reflected in Rise's Response and Exhibit A thereto is the highly confidential business information of Rise. Courts recognize that these types of materials are appropriately maintained under seal. *See, e.g., Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612-14 (S.D.N.Y. 1998) (finding that confidential business information should be sealed because it "provide[s] valuable insights into a company's current business practice"). This district specifically recognizes that "forecasts, sales, inventory management, profit margins, etc." warrant confidential treatment. *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 CIV. 6100 (PKC), 2012 U.S. Dist. LEXIS 107801, 2012 WL 3114855, *16 (S.D.N.Y. July 31, 2012). Providing Rise's competitors with access to

information regarding its operational details and capital raise and investment information, would be competitively detrimental to Rise.  *See Au New Haven v. Ykk Corp.*, Civil Action No. 15-CV-03411 (GHW) (SN), 2021 U.S. Dist. LEXIS 193600, at *11 (S.D.N.Y. Sep. 25, 2021) (sealing exhibits showing defendant's "annual product line revenue, gross profit, and gross margin data").  This information should therefore remain sealed.

      A list of counsel who should be granted access to the sealed material is listed in Appendix 1.

      Respectfully Submitted,

      /s/ *Emily Chambers Welch*
      Emily Chambers Welch
      Counsel for Plaintiff RiseandShine
      Corporation d/b/a Rise Brewing

December 21, 2022
Page 4

## Appendix 1: List of Counsel Designated to Access "Outside Attorneys' Eyes Only" Information

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation d/b/a Rise Brewing**
Jason Demian Rosenberg
Emily Chambers Welch
Holly Hawkins Saporito
Neal Joseph McLaughlin
Paul J. Tanck
Christopher McArdle
Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**
Allison W. Buchner
Dale Margaret Cendali
Diana Torres
Lauren Schweitzer
Maria Monica Beltran
Paul J. Reilly
Susan Cannon Kennedy
Monica H. Smith
Saghar Esfandiarifard
Luke Budiardjo