UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RISEANDSHINE CORPORATION d/b/a                              :
RISE BREWING,                                               :       21 Civ. 6324 (LGS)
                              Plaintiff,                    :
                                                            :       ORDER
                -against-                                   :
                                                            :
PEPSICO INC.,                                               :
                              Defendant.                    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on November 4, 2022, Defendant moved for summary judgment. In connection with the parties' briefing on Defendant's motion, the parties both filed letter motions to file under seal portions of the record. On November 8, 2022, non-party 3F Holdings Corporation d/b/a Daily Rise Coffee ("Daily Rise Coffee") emailed a letter to Chambers in support of confidential treatment of information it produced to Defendant in discovery, including financial information, a list of its community partners, areas of distribution, marketing information and branding details.

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, a strong presumption of public access applies to the documents filed in connection with Defendant's motion for summary judgment. "[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *see also id.* at 53 ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access."); *Olson*, 29 F.4th at 90 ("[A] strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."). Such documents "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 121.

WHEREAS, the parties cite the need to preserve confidential commercial information as a competing consideration which rebuts the presumption of public access. This consideration has been recognized by the Second Circuit as a valid reason to allow information to be filed under seal. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]"). While courts have approved the filing under seal of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]," *Louis Vuitton*

2

*Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015), "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause" to file under seal, *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015). That parties deem information confidential does not, in and of itself, rebut a presumption of public access. *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases). It is hereby

**ORDERED** that the parties' motions to file under seal portions of the summary judgment record are **DENIED,** without prejudice to renewal. Any renewed motion to file under seal shall abide by the following guidelines:

- The parties are apprised that, as a general matter, their requested redactions are far from "narrowly tailored" so as to allow filing under seal, notwithstanding the strong presumption of public access. *Lugosch*, 435 F.3d at 120.
- The parties may file under seal information that directly reveals truly confidential commercial information, such as the financial performance of Defendant's Mtn Dew Rise Energy drink and Plaintiff's capital raise and revenues, provided any redactions are narrowly tailored to avoid disclosure of this information. In the interest of clarity, this order provides guidelines for specific documents:
    - In Defendant's memorandum of law in support of its motion for summary judgment, Dkt. No. 379, it may properly file under seal heading B.1 and references throughout the memorandum to this information and projected market segments for its products. Defendant may not file under seal general statements that it sought to target "new energy drink consumers who feel alienated from the

3

category" and "ambitious self-starters," characterizations that its branding would capture attention and break through and statements that its products were sold in gas stations and convenience stores.  Plaintiff may file under seal the dollar amounts of seed capital it raised or needed to raise by specific dates to realize certain cost savings, specific investors from which it sought investment, statements regarding its profits to date and specific dollar figures of profits (including projected profits), revenue and sales.  Plaintiff may not file under seal information regarding other marks using the term "rise" included in its statements in cease-and-desist letters, that customer surveys indicated that Plaintiff's customers review nutrition labels and are concerned with eating healthy products, that the term "rise" evokes nitrogen bubbles rising to the top of nitro coffee, the text of a comment made in Plaintiff's online portal, qualitative descriptions of its financial performance and projected profits, statements regarding its expert's accounting methodologies, and general information regarding additional capital raises, including that it could have realized certain cost savings by onshoring production.

- o In the Declaration of Thomas W. Britven in support of Defendant's motion, Dkt. No. 381, Defendant may file under seal the volume and monetary figures reflected in the tables in paragraphs 4 and 9 and the statement regarding Defendant's profits in paragraph 11.  Plaintiff may file under seal the labels on the y-axis in the table contained in paragraph 17 that tend to reveal exact figures of Plaintiff's quarterly revenues.  No other information in Mr. Britven's Declaration may be filed under seal.

- o Defendant seeks to file the excerpts of the deposition of Carl Gerhards, Dkt. No. 404-8, entirely under seal.  None of this document may be filed under seal.

- o In Defendant's Response to Plaintiff's additional statement of facts under Rule 56.1, Dkt. No. 428, the guidance given above regarding Defendant's memorandum of law shall apply.  In addition, Defendant may not file under seal information that it referred to Plaintiff's product as "Rise" in presentations to customers, that it received a call to its customer service center regarding Plaintiff's products or the content of that call or its market research regarding the beverage preferences of its consumers prior to the launch of Mtn Dew Rise.  Plaintiff may file under seal the amount it spent on marketing, including labor costs, but not the categories of marketing expenses that produce its estimate of marketing costs, and information regarding its contemplated expansions into other product lines.  Plaintiff may not file under seal that it launched its first Nitro coffee keg on April 18, 2015, that it did not formally search PTO records for Rise marks, non-identifying information regarding consumers allegedly confused by the parties' products, that it has not engaged in corrective advertising and testimony from its expert regarding Defendant's surveys.

- o In Exhibit 84 to the Declaration of Lauren J. Schweitzer, Plaintiff's Simple Agreement for Future Equity, Dkt. No. 429-9, Plaintiff may file under seal the name of the investor, the amount of the investment and the amount of the valuation cap.  No other information may be filed under seal.

- Exhibits should be redacted to protect truly confidential commercial information, in accordance with the guidelines given, rather than wholly filed under seal where possible.

- The information produced in discovery by third parties, including RYZE and Daily Rise Coffee, may be filed under seal. *See Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").

No documents will be unsealed at this time. The parties may file a renewed motion to file under seal that comports with the guidelines given above by **August 11, 2023**. Such motion shall identify which documents the parties wish to file entirely under seal, if any, and the documents with proposed redactions consistent with this order. To the extent there are documents that the parties no longer wish to file under seal or documents that cannot be filed under seal consistent with this order, the parties shall identify such documents by their docket number for unsealing. If no such renewed motion is received, the documents currently filed under seal will be unsealed.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 377, 389, 392, 396, 397, 409, 410, 418, 421, 426, 437 and 438.

Dated: July 31, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE