# EXHIBIT 16

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RISEANDSHINE CORPORATION d/b/a Rise Brewing,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC.,<br><br>Defendant. | CASE NO.:<br><br>1:21-cv-06324-LGS |

## EXPERT REPORT OF MATTHEW G. EZELL

**June 10, 2022**

# EXPERT REPORT OF MATTHEW G. EZELL

## Introduction

1. I am the principal and founder of Ezell Group LLC, a marketing research company located in Huntington Beach, California. My professional experience is summarized below in paragraphs 20 through 26.

2. At the request of counsel for Defendant, PepsiCo, Inc. ("PepsiCo"), I caused to be conducted a survey to address the issue of likelihood of reverse confusion. I understand that Plaintiff RiseandShine Corp. d/b/a Rise Brewing Co. ("Rise Brewing Co.") alleges that the survey conducted by Philip Johnson in July 2021 was premature to be able to capture any reverse confusion.[1] As such, I was engaged in 2022 to replicate the survey conducted by Mr. Johnson. Like Mr. Johnson's survey, which I reviewed and consider appropriate, the survey I conducted was designed to measure the degree, if any, to which consumers of canned or bottled coffee drinks are likely to be confused by the mistaken belief that Rise Brewing Co.'s canned coffee drink products are made or put out by Mtn Dew or PepsiCo, or are associated with, sponsored by, or authorized by Mtn Dew or PepsiCo.

3. The likelihood of confusion survey conducted in this matter was developed to employ a scientific experimental design consisting of two survey cells: (1) a test or experimental cell designed to measure the degree, if any, to which consumers of coffee drinks are likely to be confused as to the source, association, sponsorship, or authorization of Rise Brewing Co.'s

---

[1] See Plaintiff's Reply Brief in Support of its Motion for Preliminary Injunction, p. 3 ("PepsiCo's second expert, Dr. Johnson, attempted to test for reverse confusion, but his doing so less than six months after Mtn Dew RISE's launch raises serious red flags…")

canned coffee drinks; and (2) a control cell designed to measure the extent of mismeasurement or "noise" in the test cell results.

4. It is my opinion that the results of the survey clearly support a finding of no likelihood of reverse confusion. No survey respondent reported the false belief that the Rise Brewing Co. coffee product comes from Mtn Dew Rise Energy or Mtn Dew, or is associated with, sponsored by, or authorized by Mtn Dew Rise Energy or Mtn Dew. Additionally, after adjusting the survey results to account for mismeasurement error or "noise," less than one percent of survey respondents reported the false belief that the Rise Brewing Co. coffee product comes from PepsiCo, or is associated with, sponsored by, or authorized by PepsiCo.

**Survey Background**

5. Attached as **Appendix A** are the detailed results of the survey that addressed the issue of likelihood of reverse confusion in this matter. Appendix A contains copies of the survey screener and questionnaire, coded response tables, a listing of the survey responses, survey exhibits, survey screenshots, and other survey-related materials.

*6.* The sample selection, questions, questionnaire design, and interviewing procedures employed in this survey were designed in accordance with the generally accepted standards and procedures in the field of surveys. The survey was also designed to meet the criteria for survey trustworthiness detailed in the Federal Judicial Center's *Manual for Complex Litigation, Fourth*[2] and *Reference Manual on Scientific Evidence, Third.*

---

[2] For the proffered poll or survey, "...Relevant factors include whether: the population was properly chosen and defined; the sample chosen was representative of that population; the data gathered were accurately reported; and the data were analyzed in accordance with accepted statistical principles.... In addition, in assessing the validity of a survey, the judge should take into account the following factors: whether the questions asked were clear and not leading; whether the survey was conducted by qualified persons following proper interview procedures; and whether the process was conducted so as to ensure objectivity...." See Federal Judicial Center, *Manual for Complex Litigation, Fourth*, Section 11.493, at 102-104 (2004).

**Survey Results**

16. Across all respondents, in response to questions Q1 through Q8, no one reported the belief that Rise Brewing Co.'s canned coffee drink products are made or put out by Mtn Dew, or are associated with, sponsored, or authorized by Mtn Dew. On a net basis, after adjusting the survey results to account for mismeasurement error or "noise," less than one percent (1.7 – 1.3 = 0.4%) of respondents reported the belief that Rise Brewing Co.'s canned coffee drink products are made or put out by PepsiCo, or are associated with, sponsored, or authorized by PepsiCo. Similarly, Coke or Coca-Cola was named by 4.3% of test cell and 2.3% of control cell respondents. These results are consistent with the 2021 Johnson survey.

| TABLE 1 – All Respondents | | |
|---|---|---|
| Responses to Q1 through Q8 by Category | Test Cells 1 & 2 Rise Percent (n=303) | Control Cells 3 & 4 Wake Percent (n=305) |
| Named a source, product, brand, or sponsor | 62.0 | 57.0 |
| Coffee brands and products | | |
| Rise / Rise Brewing Company | 28.7 | 0.0 |
| Wake / Wake Brewing Company | 0.0 | 28.9 |
| Starbucks | 17.8 | 14.4 |
| Nitro / Nitro cold brew | 9.6 | 4.3 |
| Coffee / coffee drinks | 5.9 | 3.6 |
| Dunkin | 3.3 | 1.3 |
| Other coffee Brands | 5.3 | 5.9 |
| Energy drink brands and products | | |
| Mtn Dew / Mtn Dew Energy | 0.0 | 0.0 |
| Monster Energy | 1.7 | 2.3 |
| Red Bull | 2.3 | 1.0 |
| Other energy drink Brands | 0.0 | 1.0 |
| Dairy brands and products | | |
| Oat milk | 2.3 | 1.0 |
| Silk | 0.0 | 0.3 |
| Oatly | 0.3 | 0.3 |
| Dairy products | 0.3 | 0.3 |
| Soft drink brands and products | | |
| Coke / Coca-Cola | 4.3 | 2.3 |
| Pepsi | 1.7 | 1.3 |
| Soft drinks | 0.0 | 0.7 |
| Other soft drink brands | 0.0 | 0.3 |
| Other brand responses | 4.6 | 4.6 |
| Other non-brand responses | 3.0 | 3.6 |
| Don't name a source, product, brand, or sponsor | 38.0 | 43.0 |

Note: Columns do not sum to 100.0% due to multiple responses from some respondents.

29. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of June, 2022, in Huntington Beach, California.

_____
Matthew G. Ezell