UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RISEANDSHINE CORPORATION,  :
                          Plaintiff,  :       21 Civ. 6324 (LGS)
                            :
          -against-  :       <u>ORDER</u>
                            :
PEPSICO INC.,  :
                      Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on November 4, 2022, Defendant moved for summary judgment. In connection with the motion, the parties each moved to file under seal portions of the summary judgment record. An order issued August 1, 2023, denied the motions to file under seal without prejudice to renewal. On August 18, 2023, the parties filed renewed motions to file under seal portions of the summary judgment record.

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted). The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting

disclosure." *Id.* at 120 (internal quotation marks omitted).  In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

WHEREAS, for the reasons explained in the August 1, 2023, order, a strong presumption of public access applies to documents filed in connection with Defendant's motion for summary judgment and that the interest in protecting truly confidential commercial information may rebut this strong presumption of public access.

WHEREAS, the parties have proposed redactions to specific information regarding their revenues, costs, and financial performance.  These proposed redactions are "narrowly tailored" to keep confidential commercial information under wraps, *id.* at 124, overriding the presumption of access to these documents.  It is hereby

**ORDERED** that the parties' renewed motions to file under seal are **GRANTED**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 450, 458, 467, 471, 484, 485, 489, 491 and 493.

Dated: August 21, 2023
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**