# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

| | | |
|---|---|---|
| Lauren J. Schweitzer<br>To Call Writer Directly:<br>+1 213 680 8252<br>lauren.schweitzer@kirkland.com | 555 South Flower Street<br>Los Angeles, CA 90071<br>United States<br>+1 213 680 8400<br>www.kirkland.com | Facsimile:<br>+1 213 680 8500 |

September 12, 2023

**VIA CM/ECF**

Re: *RiseandShine Corp. v. PepsiCo, Inc.*, 1:21-cv-6324 (LGS)

Dear Judge Schofield:

Pursuant to this Court's Individual Practices in Civil Cases ("Individual Rules"), Defendant PepsiCo, Inc. ("PepsiCo") respectfully submits this letter to file under seal the following document:

- PepsiCo's Letter in Response to RiseandShine Corp.'s ("RBC") "Emergency" Request to Stay Consideration of PepsiCo's Motion to Recover Bond and to Stay RBC's Response ("Response Letter").

The redacted information in PepsiCo's Response Letter describes and cites to documents and/or information that PepsiCo has designated with one of the confidentiality designations under the Protective Order. The portions that remain redacted contain specific sensitive financial and competitive data and information.

**Legal Standard:** While federal courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)). "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Standard v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court's sealing on grounds that the party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access").

**Sealing Justification**: PepsiCo's Response Letter contains internal financial data related to costs PepsiCo incurred for discarded packaging, finished goods, cans, wraps, and branded merchandise bearing the challenged mark. This information is properly sealed because it is highly sensitive information which risks causing PepsiCo harm if made known to PepsiCo's competitors. PepsiCo does not publicly report information of this type and ordinarily keeps it confidential given its competitive sensitivity. *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d

**KIRKLAND & ELLIS LLP**

September 12, 2023
Page 2

630, 649-50 (S.D.N.Y. 2011) (noting that "material concerning the defendants' marketing strategies [and] costs" were "highly proprietary" and could "remain under seal"). Sensitive financial information of this nature is properly filed under seal. *Id.*

\* \* \*

A list of counsel who should be granted access to the sealed material is listed in Appendix 1. PepsiCo has served the letter on Plaintiff's counsel via ECF contemporaneously with this filing.

Sincerely

*/s/ Lauren J. Schweitzer*

Lauren J. Schweitzer

---

Application **DENIED**. The common law right of public access to judicial documents is firmly rooted in our nation's history." This right is not absolute and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

One consideration that may override the presumption of public access is preserving the secrecy of "specific business information . . . , which if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted). However, "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause." *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015). Here, Defendant does not explain how disclosure would harm its competitive position. Accordingly, the Clerk of Court is respectfully directed to close the motion at Dkt. No. 508 and to unseal Dkt. No. 509.

Dated: September 14, 2023
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

**KIRKLAND & ELLIS LLP**

September 12, 2023
Page 3

## Appendix 1: List of Parties and Counsel

All counsel of record may have access to the filings:

**Counsel for Plaintiff RiseandShine Corporation, *doing business as* Rise Brewing**

    Jason Demian Rosenberg
    Christopher Louis McArdle
    Emily Chambers Welch
    Holly Hawkins Saporito
    Neal Joseph McLaughlin
    Paul J. Tanck
    Shaleen Patel

**Counsel for Defendant PepsiCo, Inc.**

    Dale Margaret Cendali
    Allison W. Buchner
    Diana Torres
    Lauren Schweitzer
    Maria Monica Beltran
    Monica H. Smith
    Paul J. Reilly
    Saghar Esfandiarifard
    Susan Cannon Kennedy