UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
RISEANDSHINE CORPORATION d/b/a                                :
RISE BREWING,                                                 :
                              Plaintiff,     :   21 Civ. 6324 (LGS)
                                                              :
          -against-                           :   **ORDER**
                                                              :
PEPSICO INC.,                                                 :
                              Defendant.      :
------------------------------------------------------------- X
LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant PepsiCo, Inc. moves to recover the full amount of a $250,000 bond Plaintiff was required to obtain following Plaintiff's successful motion for a preliminary injunction in this case.

WHEREAS, on July 26, 2021, Plaintiff Riseandshine Corporation d/b/a Rise Brewing moved for a preliminary injunction prohibiting Defendant from using its MTN DEW RISE ENERGY mark in connection with its canned energy beverages. The November 4, 2021, Order granting the preliminary injunction directed Plaintiff to "post a bond in the amount of $250,000." Defendant filed an interlocutory appeal of the preliminary injunction the same day. On November 5, 2021, Plaintiff posted the bond. On July 22, 2022, the United States Court of Appeals for the Second Circuit vacated the preliminary injunction. On August 2, 2023, Defendant's motion for summary judgment was granted on all claims, and the case was closed. On August 16, 2023, Plaintiff filed a notice of appeal, which is pending.

WHEREAS, Federal Rule of Civil Procedure 65(c) states that a "court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." "A party has been wrongfully enjoined under Fed. R. Civ. P. 65(c) if it

is ultimately found that the enjoined party had at all times the right to do the enjoined act." *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990); *accord Smart Study Co. v. Bichha123*, 505 F. Supp. 3d 322, 325 (S.D.N.Y. 2020).[1] "The focus of the wrongfulness inquiry is whether, in hindsight in light of the ultimate decision on the merits after a full hearing, the injunction should not have issued in the first instance." *Blumenthal*, 910 F.2d at 1054.

WHEREAS, Defendant satisfies this standard of showing that it was wrongfully restrained. The preliminary injunction was vacated on appeal because Plaintiff failed to demonstrate a likelihood of success on the merits. *See RiseandShine Corp. v. PepsiCo, Inc.*, 41 F.4th 112, 121 (2d Cir. 2022). Defendant's subsequent motion for summary judgment was granted, and this case was closed. *RiseandShine Corp. v. PepsiCo. Inc.*, No. 21 Civ. 6324, 2023 WL 4936000, at *11 (S.D.N.Y. Aug. 2, 2023). Defendant therefore "had at all times the right to do the enjoined act." *See Blumenthal*, 910 F.2d at 1054.

WHEREAS, Plaintiff argues that Defendant's motion is premature; because Plaintiff's appeal of the Opinion granting summary judgment remains pending, it has not been "ultimately found" that Defendant "had at all times the right to do the enjoined act." *See Blumenthal*, 910 F.2d at 1054. That argument was already raised and rejected in Plaintiff's motion to stay recovery of the bond amount pending appeal. "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). Plaintiff provides no proper basis to

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

reconsider the Order denying the stay motion.  In addition, Plaintiff's argument fails on the merits because a final judgment has been entered in this proceeding.  *See RiseandShine Corp.*, 2023 WL 4936000, at *11.  The cases on which Plaintiff relies do not establish that an appeal automatically stays recovery of a bond amount.  The only binding case cited by Plaintiff, *Blumenthal*, states that recovery against a bond is informed by an "ultimate decision on the merits after a full hearing," not exhaustion of all rights of appeal.  910 F.2d at 1054.

WHEREAS, an erroneously enjoined party "is entitled to a presumption in favor of recovery against a bond posted pursuant to Rule 65(c)."  *Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 556-57 (2d Cir. 2011).  However, the "party is not automatically entitled to the damages sought"; "[t]he presumption applies to provable damages."  *Id.* at 559.  "Thus, the wrongfully enjoined party must first demonstrate that the damages sought were proximately caused by the wrongful injunction" and "properly substantiate the damages sought."  *Id.*  The party's proof "does not need to be to a mathematical certainty."  *Id.*; *accord Really Good Stuff, LLC v. BAP Invs., L.C.*, No. 19 Civ. 2218, 2020 WL 6546140, at *1 (S.D.N.Y. Nov. 6, 2020).

WHEREAS, Defendant has proved that damages totaling at least the full amount of the bond were proximately caused by the preliminary injunction.  The injunction prohibited Defendant from (1) "us[ing] or display[ing] the Challenged Mark in the Market in connection with the promotion, sale or distribution of single-use, canned energy beverages" and (2) "us[ing] or display[ing] the Challenged Mark in any Advertisement that will be or is intended to be circulated, displayed or broadcast in the Market."  Defendant provided documents and deposition testimony to substantiate the costs Defendant incurred to comply with the injunction.  Specifically, Defendant detailed the cost to develop a new brand name and update its design work, graphic artwork, digital assets and other materials to reflect that new brand name, totaling

3

over $250,000 ("Rebranding Costs").  Defendant also detailed the lost value of goods, services and marketing materials associated with the enjoined mark -- including a cancelled Super Bowl advertisement for the product bearing the enjoined mark and discarded materials bearing the enjoined mark -- also totaling over $250,000 ("Destruction Costs").  Defendant's Rebranding Costs and Destruction Costs were proximately caused by the injunction, which prohibited Defendant from using or displaying the enjoined mark in connection with the promotion, sale, distribution or advertisement of its product.  *See, e.g.*, *Really Good Stuff, LLC*, 2020 WL 6546140, at *1-2 (awarding injunction compliance costs for developing, marketing and manufacturing replacement product and for lost sales of enjoined product).

WHEREAS, Plaintiff takes issue with Defendant's assertion of costs.  First, Plaintiff argues that Defendant's Rebranding Costs are not recoverable because they were not explicitly included when the bond was ordered, lack sufficient factual support and resulted from a failure to mitigate.  These arguments are unpersuasive.  Plaintiff cites no caselaw requiring damages to be explicitly identified in a bond order.  In addition, Defendant's declaration regarding Rebranding Costs is sufficiently supported by factual and documentary evidence, to which Plaintiff had prior access, and the declarant attests that the costs are not duplicative and that they resulted from replacing the enjoined mark.  Even setting aside the Rebranding Costs paid to Defendant's bottlers, which Plaintiff disputes, the remaining Rebranding Costs independently exceed the full amount of the bond.  For this same reason, Plaintiff's challenge to the Destruction Costs related to Defendant's Super Bowl advertisement does not alter Defendant's recoupment of the full bond amount.  Plaintiff also argues that the Destruction Costs separate from the Super Bowl advertisement are unrecoverable because Defendant could have used the branded product after the injunction was reversed.  Even if the product had a long enough shelf life to be usable after

4

the injunction was reversed, Defendant likely would have incurred further costs to undo its rebranding effort.

WHEREAS, finally, Plaintiff argues that recovery should be denied based on equity and justice.  To the extent that courts in this Circuit have discretion to deny otherwise-proper recovery against a bond, doing so is not warranted here.  A plaintiff's good-faith pursuit of a preliminary injunction is not unusual and therefore is an insufficient reason to justify withholding the bond amount.  Allegations that Defendant intentionally copied the mark also are insufficient because Defendant's right to engage in the enjoined conduct was properly established.  It is hereby

**ORDERED** that Defendant's motion to recover bond is **GRANTED**.  It is further

**ORDERED** that Plaintiff Riseandshine Corporation d/b/a Rise Brewing shall turn over to Defendant PepsiCo the entire amount of the bond, i.e., $250,000.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 498.

Dated: June 28, 2024
New York, New York

*[signature]*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE