UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RISEANDSHINE CORPORATION d/b/a
RISE BREWING,
                                Plaintiff, :    21 Civ. 6324 (LGS)

      -against- :    **ORDER**

PEPSICO INC.,
                            Defendant. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Plaintiff and Defendant move to seal documents filed in connection with Defendant's motion (the "Motion") to recover the proceeds of the preliminary injunction bond.

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *see Lugosch*, 435 F.3d at 125, the privacy of innocent third parties, *see United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, a strong presumption of public access applies to the documents filed in connection with the Motion. The documents at issue are: (1) Defendant's memorandum of law in support of the Motion; (2) Declaration of Rajat Kapoor submitted in support of the Motion; (3) Exhibits 1-4 to the Kapoor Declaration; (4) Exhibits 6-16 to the Declaration of Lauren Schweitzer submitted in support of the Motion; (5) Plaintiff's memorandum of law in opposition to the Motion and (6) Defendant's reply memorandum of law. These documents are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Motions and supporting documents submitted to the court "at least on their face, call upon the court to exercise its Article III powers." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). "[A] strong presumption of access attaches" because these are documents "used to determine litigants' substantive legal rights." *See Lugosch*, 435 F.3d at 121. Such documents "should not remain under seal absent the most compelling reasons." *Id.*

WHEREAS, Defendant -- both in support of the Motion and both parties' sealing motions -- cites the need to preserve non-public financial information from competitors as an interest that

rebuts the presumption of public access. This is a valid reason to allow information to be filed under seal. *See Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]"). Courts have approved the filing under seal of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). However, "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause" to file under seal. *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015).

WHEREAS, Defendant proposes redactions to internal financial information regarding its costs associated with complying with the preliminary injunction, which Defendant asserts would cause competitive harm if disclosed. Specifically, Defendant states that the redactions concern "the cost of ideating a new brand name to replace the Mtn Dew Rise Energy mark, costs associated with wasted product and graphics bearing the Mtn Dew Rise Energy mark, and costs associated with producing an advertisement for Mtn Dew Rise Energy" and argues that "[d]isclosure would allow competitors access to [Defendant's] internal strategies and costs to develop, market, and produce its products and marketing materials, which may harm [Defendant's] ability to compete in the future." The proposed redactions relate to Defendant's non-public marketing strategy, including how Defendant invests in developing and marketing its products, and therefore are properly sealed. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) ("[M]aterial concerning the defendants' marketing strategies" was "highly proprietary" and could "remain under seal"). The proposed redactions are "narrowly tailored" to serve that purpose. *Lugosch*, 435 F.3d at 120.

WHEREAS, Plaintiff proposes the redaction of a single phrase in its memorandum in opposition, which Plaintiff states was designated as confidential by Defendant under a protective order. "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y. 2018) (collecting cases). Defendant filed a letter in support of Plaintiff's motion, stating that the proposed redaction consists of quotations from a highly confidential internal document regarding Defendant's marketing strategy and would cause competitive harm because it "provide[s] insight into [Defendant's] strategies for high-profile marketing campaigns." The quoted language previously was permitted to be filed under seal in this action. It is hereby

**ORDERED** that Defendant's motions to seal are **GRANTED.** It is further

**ORDERED** that Plaintiff's motion to seal is **GRANTED.**

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 497, 513 and 517.

Dated: July 2, 2024
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**